FRANK, Judge.
Stermer was convicted of two counts of sexual battery, one count of attempted sexual battery and one count of kidnapping. He claims three trial related events as error and challenges his sentences on two grounds. The first sexual battery charge resulted in a life sentence, the second produced a concurrent life sentence, the attempted sexual battery and the kidnapping charges occasioned two thirty year sentences to run concurrently with the initial life sentence.
We have considered the contentions associated with the conduct of Stermer’s trial and find each without merit. Thus, we affirm his convictions. We find error, however, in the departure sentences imposed upon him.
The scoresheet computation of Stermer’s presumptive sentence resulted in incarceration for a period of twenty-two to twenty-seven years. At sentencing the trial court announced three grounds in support of the enhanced sentences, i.e., emotional shock and trauma, the absence of remorse, and prior history of assault and violent behavior, which occurred while awaiting trial of the instant charges, disclosing a pattern of unlawful conduct rendering him a serious threat to the community. One week following the sentencing proceeding, the trial court entered an order expressing the basis for exceeding the guidelines sentence:
The defendant’s course of conduct and timing of his new offense. The defendant committed the instant offense while awaiting trial on earlier charges involving battery against juveniles and a woman. He pled no contest to these prior charges seven days after the commission of the criminal behavior in the instant case.
In addition to the fact that the trial court failed to observe the principle adopted in State v. Oden, 478 So.2d 51 (Fla.1985), that departure from the guidelines requires a written statement of the reasons for departure contemporaneously with sentencing — each of the reasons stated by the trial court has been condemned. We have not determined this matter, however, based upon the orally expressed reasons, but we deem it appropriate for an instructive purpose at this advanced stage in the evolution of guidelines law to highlight the trial court’s mistaken perception of valid enhancement grounds. Thus, in spite of the high probability that Stermer’s victim experienced shock and trauma during and following the criminal event, the record discloses none of the extraordinary elements identified in State v. Rousseau, 509 So.2d 281 (Fla.1987), which may serve as the basis for a valid departure in a sexual battery case. The trial court also erred when it attached significance to Stermer’s nolo plea to misdemeanor charges stemming from his defective citizen’s arrest of children who were throwing stones at his home. The mere fact that a female was in some non-sexual manner a part of the events leading to the misdemeanor charges does not describe a “pattern” of sexually-motivated misbehavior. Finally, prior to the sentencing of Stermer we had made abundantly plain in a number of opinions that a defendant’s lack of remorse may not be relied upon to enlarge a guidelines sentence. See, e.g., Burns v. State, 513 So.2d 165 (Fla. 2d DCA 1987).
The ultimate, but delayed, written reason for sentencing Stermer beyond the presumptive range was no less invalid than those uttered at the hearing. The element of timing was grounded upon the fact that the misdemeanor nolo plea and the felonious conduct occurred within seven days of each other. The misdemeanor, however, was committed ten months prior to the felonies. For the timing of criminal activi *1232 ty to be a clear and convincing reason for departure, the criminal episodes must be temporally proximate. Mathis v. State, 515 So.2d 214 (Fla.1987). That is obviously not the case in the present matter. Moreover, in the absence of timing as an appropriate basis for departure, reliance upon the earlier misdemeanor conviction, included within the scoresheet computation, offends the prohibition first expressed in Hendrix v. State, 475 So.2d 1218 (Fla.1985), and more recently in State v. Rousseau.
Because of the result we have reached, we need not consider and pass upon the novel contention that a guidelines life sentence, with its consequences, is constitutionally infirm when tested by considerations deriving from a sentence for a “term of years.”
Based upon the foregoing, we reverse and vacate Stermer’s sentences and remand for resentencing within the guidelines.
SCHEB, A.C.J., and SCHOONOVER, J., concur.