553 So.2d 239 (1989)
Jeffrey Alan WEEKLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1376.
District Court of Appeal of Florida, Third District.
November 21, 1989.
Bennett H. Brummer, Public Defender, and Robert Burke, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant was accused of meeting a woman at a Miami Beach bar, forcing her back to his apartment, and committing various acts of abuse upon her. He was found guilty of four counts of sexual battery, one count of kidnapping, and one count of aggravated battery. The trial court scored victim injury at forty points for each sexual battery for a total of one hundred and sixty points.
The defendant argues that under the 1987 version of Florida Rule of Criminal Procedure 3.701(d)(7) scoring each injury or offense committed was error. He claims that the victim's injury should have been scored only once according to its cumulative severity. We agree, vacate defendant's sentence, and remand for resentencing.
Prior to the 1987 amended version of Florida Rule of Criminal Procedure 3.701(d)(7), the computation of victim injury points was controlled by The Florida Barre: Rules of Criminal Procedure, 482 So.2d 311, 316 (1985) and this court's decision in Walker v. State, 498 So.2d 688 (Fla. 3d DCA 1986). The committee note to that earlier rule stated:
Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims.
The committee note relevant to Rule 3.701(d)(7) in the 1987 version of that rule, see Florida Rules of Criminal Procedure Re Sentencing Guidelines, 509 So.2d 1088, *240 1089-90 (Fla. 1987), omitted that same language. That note contained no language instructing the scoring of multiple victim injury points for separate counts relating to the same victim. The above statement as to the scoring of victim injury was not scored over  the editorial means used to indicate deletion. Here, the statement was simply omitted, which leads to the state's argument that no deliberate change in procedure was intended. Where a criminal statute is susceptible of different interpretations, it must be construed in favor of the accused. Lambert v. State, 545 So.2d 838 (Fla. 1989). Relying on Lambert, we conclude that the cumulative injury should have been considered and a single score assigned. We therefore vacate defendant's sentence and remand on that basis.
We note that although the original sentence was within the range of sentences reflected by the original score sheet, because we find error in the original score sheet, upon remand for resentencing, the trial court is at liberty to impose a sentence in excess of the new guidelines range under the corrected score sheet. Roberts v. State, 547 So.2d 129 (Fla. 1989).
Accordingly, defendant's sentence is vacated and the case is remanded for resentencing.