565 So.2d 838 (1990)
Carlos Adolphus WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-962.
District Court of Appeal of Florida, First District.
August 8, 1990.
Rehearing Denied August 31, 1990.
*839 Michael E. Allen, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant appeals his convictions, after jury trial, of burglary of a dwelling in which a person was assaulted, sexual battery involving serious physical force, petit theft and aggravated battery. We affirm his convictions but reverse his sentences and remand for resentencing.
Appellant contends that his convictions of and sentences for the charges of burglary of a dwelling in which a person was assaulted, sexual battery involving serious physical force and aggravated battery amount to multiple punishments for the same act and therefore his convictions of burglary and aggravated battery should be vacated pursuant to Carawan v. State, 515 So.2d 161 (Fla. 1987).[1] However, as footnoted in Carawan, that decision "applies only to separate punishments arising from one act not one transaction. An act is a discrete event arising from a single criminal intent, whereas a transaction is a related series of acts." Id. at 170. In the instant case, the evidence clearly supports a determination that appellant committed separate, discrete acts in the commission of *840 each of the crimes arising from the criminal transaction for which he was charged. Therefore, conviction and punishment for each charge was appropriate. See Slaughter v. State, 538 So.2d 509 (Fla. 1st DCA 1989), dismissed, 557 So.2d 34 (Fla. 1990); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989); Andrews v. State, 533 So.2d 841 (Fla. 5th DCA 1988).
We agree with appellant that the trial court improperly restricted defense counsel's closing argument in prohibiting her from arguing to the jury the law on circumstantial evidence, as set forth in McArthur v. State, 351 So.2d 972 (Fla. 1977) and Cochran v. State, 547 So.2d 928 (Fla. 1989). See Seckington v. State, 424 So.2d 194 (Fla. 5th DCA 1983). However, the record shows that defense counsel did ably argue to the jury appellant's defense theory of innocence in her strong reasonable doubt argument to the jury. Since the reasonable doubt argument is a corollary to the circumstantial evidence rule recognized in Cochran and McArthur, and considering the overwhelming evidence of guilt in this case, we determine that, as in Seckington, the error in this regard was harmless. As appellant admits, the trial judge acted within his discretion in refusing to give the circumstantial evidence instruction to the jury. In the Matter of the Use by the Trial Courts of the Standard Jury Instruction in Criminal Cases, 431 So.2d 594 (Fla. 1981).
On his sentencing guideline scoresheet, appellant was assessed 40 points for penetration or slight injury and 85 points for death or serious injury. That double scoring under victim injury was error. Rule 3.701(d)(7), Florida Rules of Criminal Procedure provides: "Victim injury shall be scored for each victim physically injured during a criminal episode or transaction." The 1985 committee note amendment to that rule had provided: "Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims." However, the 1988 amendment to the committee notes provides the following guidance in interpreting the rule: "This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode." The latest amendment thus indicates the intent that victim injury shall be scored only once for each victim in a single criminal transaction or episode. Since all of appellant's convictions arose from one criminal transaction and resulted in injuries to only one victim, to score him twice for victim injury was error. On this ground, we reverse his sentences and remand for resentencing upon a corrected scoresheet.
Appellant relies upon the supreme court's decision in Ree v. State, 14 F.L.W. 565 (Fla. Nov. 16, 1989) (withdrawn July 19, 1990) in asserting another sentencing error. In that case, which was rendered several months after appellant's sentencing, the court noted that if a trial judge imposes a departure sentence pursuant to Rule 3.701, a written departure order shall be rendered contemporaneously with the pronouncement of sentence. The court then, however, construed "contemporaneous" to mean simultaneous and declared that written departure reasons must be issued at the moment of sentencing.
In the instant case, the trial judge departed from the guidelines for two reasons, both of which we find to be valid. He orally stated into the record his reasons for departure at the time of sentencing. However, although the written departure order was dated the same day as the sentencing hearing, there is no indication that it was physically handed down simultaneously with the pronouncement of the sentence and in fact, it was not filed until the next day. Therefore, although we endorse the decision handed down on this issue in Holmes v. State, 556 So.2d 1224 (Fla. 4th DCA 1990), we might have been compelled by Ree to reverse appellant's sentence and remand for resentencing at which time, if the trial judge again determined to depart from the guidelines, he must have handed down his reasons for departure, if any, simultaneously, with his pronouncement of sentence. See Owens v. State, 563 So.2d 180 (Fla. 1st DCA 1990) and Walker v. *841 State, 555 So.2d 1221 (Fla. 1st DCA 1990). However, on rehearing in Ree, the court withdrew its original opinion and substituted another, in which the court stated: "This holding, however, shall only be applied prospectively." Ree v. State, 565 So.2d 1329 (Fla. 1990). Therefore, by the court's clear declaration, Ree does not require reversal in the instant case. However, since appellant's sentences are hereby reversed and the cause is remanded for resentencing on another ground, we caution that the dictates of Ree will apply if the trial judge determines on remand to again depart from the guidelines.
Therefore, appellant's convictions are AFFIRMED but his sentences are REVERSED and this cause is REMANDED for correction of appellant's guidelines scoresheet and resentencing consistent with this opinion.
SHIVERS, C.J., and BARFIELD, J., concur.
NOTES
[1] Section 775.021(4), Florida Statutes (Supp. 1988), overrode the Carawan decision but, as explained in State v. Smith, 547 So.2d 613 (Fla. 1989), the Carawan interpretation of the statute remains in effect for crimes committed prior to the effective date of the 1988 amendment to Section 775.021(4), Fla. Stat. The crimes with which appellant was charged occurred prior to the effective date of that amendment.