567 So.2d 13 (1990)
David Leroy STERMER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01898.
District Court of Appeal of Florida, Second District.
August 29, 1990.
Rehearing Denied September 27, 1990.
*14 James Marion Moorman, Public Defender, and Andrea Steffen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant, David Leroy Stermer, challenges his sentences for sexual battery, attempted sexual battery, and kidnapping. We find the trial court erred in sentencing appellant and, accordingly, remand for resentencing.
A jury found appellant guilty of two counts of sexual battery in violation of section 794.011, Florida Statutes (1987), one count of attempted sexual battery in violation of sections 794.011 and 777.04, Florida Statutes (1987), and one count of kidnapping in violation of section 787.01, Florida Statutes (1987). All charges involved the same victim. The trial court sentenced appellant to to life in prison. This court in Stermer v. State, 541 So.2d 1230 (Fla. 2d DCA 1989), affirmed the convictions but vacated the life sentence and remanded for resentencing within the guidelines.
On remand, the appellant was sentenced to twenty-seven years. This was a presumptive guidelines sentence based on a scoresheet which included points for victim injury for each count. We agree with the appellant that the trial court erred in scoring points for victim injury for each count.
Florida Rule of Criminal Procedure 3.701(d)(7) was amended in 1987. The 1987 amendment deleted language from the committee note which permitted victim injury to be scored for each count. See Florida Rules of Criminal Procedure, 509 So.2d 1088 (Fla. 1987). Victim injury may be scored only once according to its cumulative severity. Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989).
We, accordingly, reverse and remand for resentencing. Upon remand, the trial court should sentence appellant with a properly prepared scoresheet that scores victim injury just once.
Reversed and remanded.
SCHOONOVER, C.J., and DANAHY and FRANK, JJ., concur.