573 So.2d 1053 (1991)
Thomas Severe RAMSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01774.
District Court of Appeal of Florida, Second District.
February 6, 1991.
*1054 C. Ray McDaniel, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The appellant challenges his convictions and sentences on two counts of engaging a child in sexual activity, two counts of lewd act in the presence of a child, and three counts of lewd assault on a child. The appellant claims that there were trial errors and incorrect scoring for victim injury on the appellant's sentencing guidelines scoresheet.
We reject the appellant's claim of trial errors and affirm his convictions. However, we agree with the appellant that victim injury was incorrectly scored on the scoresheet. A total of 140 points for victim injury was scored by scoring victim injury as to each count of sexual activity and each count of lewd assault. Each count of lewd assault was scored at 20 points and each count of sexual activity was scored at 40 points, for a total of 140 points.
The calculation of the appellant's scoresheet is governed by Florida Rule of Criminal Procedure 3.701(d)(7) which provides that "victim injury shall be scored for each victim physically injured during a criminal episode or transaction." Applying the rule, this court held in Stermer v. State, 567 So.2d 13 (Fla. 2d DCA 1990), that it is error to score points for victim injury for each count. Rather, this court said that victim injury may be scored only once according to its cumulative severity.
Unlike Stermer, the offenses in this case occurred on two separate occasions, one in October of 1987 and the other around Christmas of 1987. Accordingly, victim injury on the appellant's scoresheet shall be scored as to each episode according to its cumulative severity.
We reverse the appellant's sentences and remand for resentencing based on a corrected sentencing guidelines scoresheet reflecting a recalculation of points for victim injury in accordance with this opinion.
Convictions affirmed; sentences reversed and case remanded for resentencing.
SCHEB, A.C.J., and THREADGILL, J., concur.