GARRETT, Judge.
This is a consolidated appeal of appellant’s convictions and sentences. The juvenile court waived jurisdiction and certified the case to circuit court for appellant to be tried as an adult. He pled no contest to four counts of sexual battery upon the same victim. The state prepared a score-sheet that assessed 160 points (forty points for each count) for “penetration or slight injury” under the “victim injury” section. The circuit court judge used the scoresheet and sentenced appellant as an adult to life in prison, the recommended guidelines sentence.
We find no error as to appellant’s waiver to adult court or that he was sentenced as an adult. However, we do find error as to the number of points assessed for “victim *737 injury.” Our sister court in Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989), held that only a single score for “victim injury” should be assessed regardless of the number of sexual batteries a defendant commits upon a victim in a single criminal episode. The Weekley court so held because the committee note to Rule 3.701(d)(7), Florida Rules of Criminal Procedure, no longer contains language instructing the preparer of a scoresheet to include “victim injury” points for each count upon a single victim. We agree.
In 1987 the rule was amended to read as follows:
Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
The amendment omitted[1] the following language from the committee note:
Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims.
We note that in response to Weekley the Sentencing Guidelines Commission (Commission) has petitioned the supreme court to amend the committee note to clarify the manner in which “victim injury” is to be scored. Florida Rules of Criminal Procedure re: Sentencing Guidelines, Supreme Court of Florida case no. 76,683. The petition is pending before the court. The Commission seeks to add the following language to the committee note:
This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal episode or transaction and for each count whether there are. one or more victims.
The absence of the omitted committee note language makes the rule susceptible of more than one interpretation and must be interpreted in favor of appellant. Lambert v. State, 545 So.2d 838 (Fla.1989).
Accordingly, we vacate appellant’s sentence and remand for resentencing with directions to the sentencing judge to use a scoresheet which only assesses one scoring (forty points) for “victim injury.” Upon remand with the corrected scoresheet, the sentencing judge may reconsider whether a departure from the guidelines is appropriate. Roberts v. State, 547 So.2d 129 (Fla.1989); State v. Betancourt, 552 So.2d 1107 (Fla.1985); and Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989).
AFFIRMED IN PART; REMANDED FOR RESENTENCING WITH DIRECTIONS.
HERSEY, C.J., and WARNER, J., concur.

. The omitted language "was not scored over— the editorial means used to indicate deletion." Weekley v. State, 553 So.2d 239, 240 (Fla. 3d DCA 1989).