PER CURIAM.
Joseph Booker appeals from his conviction and sentence for two counts of sexual activity with a child and one count of indecent assault.
He urges that the trial court erred in scoring victim injury three times in his guidelines sentencing scoresheet. We agree. In 1987, the legislature amended Rule 3.701(d)(7), Florida Rules of Criminal Procedure, to state: “This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode.” In Williams v. State, 565 So.2d 838, 840 (Fla. 1st DCA 1990), the First District concluded that the amendment indicates that the legislature intended for victim injury to be scored only once for each victim in a single criminal transaction or episode. Accord Weekley v. State, 553 So.2d 239, 240 (Fla. 3d DCA 1989). Thus, the trial court erred in scoring points for victim injury more than once.
Booker also claims that the trial court erred in departing from the recommended guidelines sentence. • The trial court departed for the following reasons:
1. The Defendant was convicted of Grand Theft in Austin, Texas, on February 7, 1986. He was paroled on May 15, 1986. The Defendant was recently released from supervision on February 1, 1988, or just three and one-half (3½) months from the date of the offenses at bar (May 15, 1988).
2. Further, the recommended sentence is inadequate for rehabilitation or deterrence based on the Defendant’s pri- or record, which includes a prior conviction for Sexual Battery.
The second reason is invalid. See Tillman v. State, 525 So.2d 862 (Fla.1988); Hendrix v. State, 475 So.2d 1218 (Fla.1985); Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990). However, the first reason is valid, See Forney v. State, 567 So.2d 60 (Fla. 4th DCA 1990); Barfield v. State, 564 So.2d 616, 617 (Fla. 4th DCA 1990), and, standing alone, it is sufficient to justify the departure.
Thus, we affirm the upward departure from the sentencing guidelines.
We have examined the other points raised by Booker and have determined them to be without merit.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
DELL, J., and WALDEN, JAMES H., Senior Judge, concur.
ANSTEAD, J., concurs specially with opinion.