PETERSON, Judge.
Mark William Charles appeals his guidelines sentence. The sentence was determined in part by multiplying the victim injury score by four. A jury had found him guilty of committing four counts of lewd and lascivious assault on the same child on four different days in March, May, June, and July of 1988. We affirm.
Charles argues that, since there was only one victim, the trial court should have calculated the cumulative severity of the injuries from the four different assaults and assigned a single score pursuant to Weekley v. State 553 So.2d 239 (Fla. 3d DCA 1989). The state argues that the victim injury score can be multiplied in the case of a single victim when each offense constitutes a separate transaction or episode. In Weekley, the district court reversed the trial court’s imposition of victim injury points for each of four separate acts of sexual battery and one act of aggravated battery against a single kidnap victim. The court noted that the 1987 amendment to the committee note to rule 3.701(d)(7), Florida Rules of Criminal Procedure, omitted a previous provision for scoring multiple victim injury points for each count involving the same victim. The Weekley court did not address whether a victim injury score should be multiplied when the offenses against a single victim constitute separate transactions, and it can be inferred, as the state urges, that all five of the battery charges in that case occurred during the one criminal episode or transaction of kidnapping. In Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990), rev. denied, 576 So.2d 295 (Fla.1991), the defendant committed multiple violent acts against one victim during the course of a single burglary. The court held that the violent acts were committed during a single transaction and that victim injury could be scored only once.
In the instant case the four offenses were committed against the same victim, but this fact alone does not terminate the analysis. The analysis must continue for the purpose of determining whether the separate acts constituted separate episodes *228 or transactions, or whether they were parts of a single episode or transaction. Here, several weeks elapsed between each act. The defendant does not assert that the four offenses comprised a single transaction, and we hold that, under the circumstances of this case, each act was an episode or transaction in itself and that victim injury points were properly assessed for each episode. See also Ramsey v. State, 573 So.2d 1053 (Fla. 2d DCA 1991) (Victim injury should be scored twice for offenses against one victim occurring in October 1987 and December 1987.)
We hold that rule 3.701(d)(7) prescribes scoring multiple victim injuries on a single scoresheet when a defendant is sentenced simultaneously for multiple offenses committed during separate episodes or transactions involving the same victim.
AFFIRMED.
HARRIS and DIAMANTIS, JJ„ concur.