586 So.2d 483 (1991)
James FRETWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1120.
District Court of Appeal of Florida, Fifth District.
September 26, 1991.
James B. Gibson, Public Defender, and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
On three different occasions the defendant had carnal intercourse with one 14-year-old unmarried female. On each occasion he also digitally penetrated the victim. He was convicted of three counts of carnal intercourse with an unmarried person under 18 years, a violation of section 794.05(1), Florida Statutes, and three counts of lewd, lascivious, or indecent assault or act *484 upon a child, in violation of section 800.04(2), Florida Statutes.
On the defendant's sentencing guidelines category 2 scoresheet, the victim injury block providing 20 points for "contact but no penetration" was multiplied by six convictions (6 X 20) and the victim injury block providing 40 points for "penetration or slight injury" was multiplied by three convictions (3 X 40) resulting in a total of 240 points being scored for the victim injury factor.[1]
Applicable in this case is Florida Rule of Criminal Procedure 3.701d.7., which was amended effective April 21, 1988, to provide:
7. Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
See Ch. 88-131, § 1, Laws of Florida; In re Florida Rules of Criminal Procedure re: Sentencing Guidelines, 522 So.2d 374 (Fla. 1988).
With the 1988 amendment to the rule the committee note to the rule was amended to delete the following language:
Victim injury shall be scored for each count in which victim injury is an element of the offense, whether there are one or more victims. [Emphasis added.]
and to add the following explanation:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. (emphasis added).
In light of this history the district courts of appeal in Florida have construed rule 3.701d.7. to mean that the Commission, the Supreme Court and the Legislature intended points for victim injury to be scored only once for each victim as to each criminal episode or transaction and not once for each count or offense into which the events comprising a single criminal episode or transaction may have been divided and charged. See Booker v. State, 578 So.2d 818 (Fla. 4th DCA 1991); Carter v. State, 573 So.2d 426 (Fla. 5th DCA 1991); Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990); Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989). See also Brown v. State, 581 So.2d 242 (Fla. 5th DCA 1991); Gordon v. State, 575 So.2d 736 (Fla. 4th DCA 1991); Ramsey v. State, 573 So.2d 1053 (Fla. 2d DCA 1991).
Under this construction of the rule, the 40 point block for victim injury on the defendant's guidelines scoresheet was properly multiplied by three, for each of the three criminal episodes. See Charles v. State, 584 So.2d 227 (Fla. 5th DCA 1991). Neither the six counts representing the six offenses for which the defendant was convicted, nor the 20 point block for victim injury should have been used.
The Guidelines Commission recently petitioned the Supreme Court to "clarify"[2] rule 3.701d.7. by rewording it to read:
Victim injury should be scored for each victim physically injured during a criminal episode or transaction and for each count resulting in such injury whether there are one or more victims.[3]
*485 The Supreme Court approved this proposed change in the rule. Florida Rules of Criminal Procedure re: Sentencing Guidelines, 576 So.2d 1307 (Fla. 1991). Notwithstanding the Guidelines Commission's finesse about clarifying the rule rather than changing it, and interesting language in the footnote to their order adopting the proposed change,[4] the Supreme Court, by recognizing that this amendment required legislative approval, appears to recognize that the change in language makes a substantive change in the meaning of the rule as constructed in the cases cited above.
Apparently by Chapter 91-270, Section 2, Laws of Florida, effective May 30, 1991, the Legislature approved this change. However, for the reason given above we decline to apply the substantive change retroactively in this case and apply the rule as it existed and was construed at the time of the occurrence of the offenses for which the defendant was convicted.
After considering all of the defendant's points on appeal, we affirm his convictions but vacate his sentences and remand for resentencing based on a guidelines scoresheet scoring victim injury in accordance with this opinion.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] The record is unclear as to what final score was utilized. The scoresheet we have indicates that although the defendant was convicted of only a total of six offenses, six second degree felonies were scored as "primary offense" and three second degree felonies were scored as "additional offenses at conviction." However, at the sentencing hearing the trial court indicated that certain adjustments would be made in the sentencing but that the scoresheet would remain the same. The trial court should revisit the scoresheet after remand. See Ulpierre v. State, 581 So.2d 258 (Fla. 3d DCA 1991).
[2] The word "clarify," as opposed to "amend" or to "change", subtly suggests that no change in meaning is being made and that the rule as clarified could be properly applied to cases in existence when the rule was "clarified."
[3] The Guidelines Commission has had difficulty differentiating between criminal transactions or episodes, criminal offenses, counts in an information or indictment, victims and injuries. The focus (i.e., the subject of the sentence) should be either on each victim injury, or on each count in an information involving victim injury, or on each offense involving victim injury, or on each criminal transaction or episode involving victim injury. Before the 1988 amendment, the focus appeared to be on the count. After the 1988 amendment, the focus appeared to shift to each victim injury but limited to one per criminal transaction or episode. The newly suggested rule brings back the unnecessary episode or transaction concept and joins with the conjunctive word "and" two concepts: one focusing on each victim injury, and the other upon each count involving such injury, resulting in confusion as to whether the points are being scored for each victim injured, or for each count alleging an offense involving an injury, or both; or whether one concept was intended to be a restriction or limitation on the other. The bench and bar are entitled to a rule without confusion. References to episodes, transactions, and counts create the confusion. An improvement would be a rule simply providing that the appropriate "victim-injury" set of points be scored for each victim physically injured as a result of each offense as to which the defendant is before the court for sentencing.
[4] The court, in a footnote, stated:

Of course, if the Legislature approves the amendments, they then must be accorded the same legal status as any other express clarification of original legislative intent. Our opinion today is not meant to deny that the proposals ... are in fact a clarification, only to say that they will become a clarification only if and when the Legislature approves them.