594 So.2d 841 (1992)
Marvin MADREY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-497.
District Court of Appeal of Florida, Fifth District.
February 28, 1992.
*842 James B. Gibson, Public Defender, and Noel A. Pelella, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant appeals his judgments of guilt and sentence which were imposed by the trial court after a jury found him guilty of two counts of committing an indecent assault upon a child under the age of 16.[1] We find no merit in the challenges raised to appellant's conviction; however, the trial court did err in imposing sentence and, therefore, we must vacate appellant's sentence and remand this cause for resentencing.
Rule 3.701 of the Florida Rules of Criminal Procedure states that victim injury shall be scored for each victim physically injured during a criminal episode or transaction. We have previously held that the sentencing commission, the supreme court, and the legislature intended points for victim injury to be scored only once for each victim as to each criminal episode or transaction and not once for each count or offense into which the events comprising a single criminal episode or transaction may have been divided and charged. Fretwell v. State, 586 So.2d 483 (Fla. 5th DCA 1991).
Here, the trial court multiplied the victim injury points by two, apparently because appellant was found guilty of committing two indecent assaults. This was error because there was only one victim and there was no proof that the indecent assaults took place during more than one criminal transaction or episode. We note that when the trial court sentenced appellant it did not have the benefit of our decision in Fretwell.
This error affected appellant's sentence because, instead of assessing 40 points for victim injury, the trial court should have assessed only 20 points. The deletion of the additional 20 points drops appellant's guidelines sentence from cell five to cell four. In cell five appellant's recommended range is 4 1/2 to 5 1/2 years imprisonment and the permitted range is 3 1/2 to 7 1/2 years imprisonment. In cell four appellant's recommended sentencing range is 3 1/2 to 4 1/2 years imprisonment and the permitted range is 2 1/2 to 5 1/2 years imprisonment. The trial court sentenced appellant within the permitted range of cell five to a term of 7 years imprisonment. This term of 7 years imprisonment constitutes a departure from cell four and, because the trial court has not provided written reasons justifying departure, we must reverse.
However, because the trial court did not realize that it was imposing a departure sentence, on remand the trial court is permitted to consider whether departure is appropriate and, if so, to set forth valid reasons for departure. State v. Betancourt, 552 So.2d 1107 (Fla. 1989). Any departure sentence must be accompanied by contemporaneous written reasons justifying departure. Pope v. State, 561 So.2d 554 (Fla. 1990); Robinson v. State, 520 So.2d 1 (Fla. 1988).
The state argues that the 1991 revision to rule 3.701 should be applied in this case. The revision, which became law on May 30, 1991, provides:
Victim injury shall be scored for each victim physically injured during a criminal episode or transaction and for each count resulting in such injury whether there are one or more victims.
In Fretwell we ruled that the 1991 revisions are not to be applied retroactively and *843 that this court must apply the rule as it existed and was construed at the time of the occurrence of the offense for which the defendant was convicted. Fretwell v. State, 586 So.2d at 485. The offenses which formed the basis for appellant's convictions occurred in September of 1990. Therefore, we cannot apply the 1991 revision to rule 3.701.
Judgments AFFIRMED; sentence VACATED; cause REMANDED.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] § 800.04(1), Fla. Stat. (1989).