W. SHARP, Judge.
Dolan appeals from his sentences imposed after being convicted of four counts of sexual battery on one victim. He argues the trial court erred in assessing 40 injury points for each count (4 X 40), resulting in an addition of 160 points to his *292 scoresheet. We agree and vacate the sentences.
Since the sexual batteries in this case took place in February of 1990, we must apply the guidelines’ victim-injury-point rules as they then stood. Fretwell v. State, 586 So.2d 483 (Fla. 5th DCA 1991). The 1988 Amendment (applicable to this case) provides:
Rule 3.701.d.7
Victim injury shall be scored for each victim physically injured during a criminal episode or transaction. (Emphasis supplied).
The committee note to this rule provides:
This provision implements the intention of the commission that points for victim injury be added to each victim injured during a criminal episode_ (emphasis supplied).
Thus the focus of the inquiry in this case is to determine how many “episodes” or “transactions?’ were involved in these crimes, and not the number of counts. Fretwell, supra; Charles v. State, 584 So.2d 227 (Fla. 5th DCA 1991).
The record shows in this case that Fret-well pled nolo contendere to four counts of sexual battery. The victim was a taxi driver who had the bad luck to encounter Dolan as a paying passenger. Dolan directed her to drive to a remote area in Hernando County. There he sexually battered her and forced her to perform oral sex on him for approximately two hours. Then he had her drive him to a second remote location in the same county. For another two hours he forced oral sex, and sexually battered her. The batteries caused pain and minor physical injury.[1]
The trial court justified the assessment of 160 victim injury points (4 x 40) on the scoresheet by finding there were four separate “episodes.” We disagree that the record supports that finding. But we think two separate episodes were clearly established. Thus, 80 victim injury points could be appropriately assessed on the score-sheet.
Brown v. State, 581 So.2d 242 (Fla. 5th DCA 1991) and Carter v. State, 573 So.2d 426 (Fla. 5th DCA 1991), fail to state sufficient facts for a reader to determine whether they “control” this case or not. In Brown, there were two sexual batteries in the course of a burglary of a dwelling. Presumably, the crimes took place at one place over an unstated span of time. In Carter, there were three sexual batteries in the course of a kidnapping. Whether the crimes all occurred in one place, during one time span, cannot be ascertained. However, in this case, the sexual batteries took place in two separate locations, during two different time intervals, although not on different days. Nonetheless, it appears to us these two battery sessions were distinct enough to qualify as separate epi *293 sodes. See Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985).
If 80 victim injury points are deleted from Dolan’s scoresheet, this drops his sentencing bracket down one slot. The permitted range is 9 to 22 years. Thus, Do-lan’s 27-year sentence constitutes an invalid departure because no contemporaneous written reasons were given. The sentence must vacated and this cause remanded for resentencing.
However, prior to resentencing, the state shall be permitted (at its option) to withdraw from its plea bargain with Dolan. The trial court found that the plea agreement was arrived at and accepted by both the state and the defense, based on the erroneous 483-point scoresheet, with the 17-to-27 year permitted range fully set out. Since the state may not be getting the “bargain” it agreed to, it shall be free to reject the plea bargain and seek to have Dolan sentenced as a habitual offender — a possibility it gave up by agreeing to the written plea bargain filed with the court. As in Cleveland v. State, 394 So.2d 230 (Fla. 5th DCA 1981), the state must make its election to affirm or reject the plea bargain within 30 days after the mandate of the court is issued in this case. Failing to do so, it shall be bound by the plea bargain.
Accordingly, we vacate the sentence and remand for further proceedings consistent with this opinion.
Sentences VACATED; REMANDED.
DIAMANTIS, J., concurs.
DAUKSCH, J., dissents with opinion.

. Since the appellant entered a plea to the four sexual battery charges, the description in the text concerning how the crimes were committed is a summary of those established in the record. At the hearing, counsel argued the propriety of assessing victim injury points. The P.S.l. and the victim's deposition were proffered by the state as well as the victim herself. Since defense counsel did not challenge the accuracy of the P.S.L when questioned by the trial judge, the victim was not called to testify. The report states:
Investigation reveals that the victim in this case being a taxi cab driver picked up the defendant at Old Mill Tavern in Citrus County, Florida at approximately 2330 hours (11:30 p.m.). At the defendant’s request victim took the defendant to Hernando County, Florida. Victim was under the assumption that the defendant was guiding her to his residence. Instead, the defendant guided the victim to SeaBoard Coast Lines railroad tracks righta-way [sic] approximately 200 yards Northwest of the roadway identified as Citrus Way in Hernando County, Florida, where he battered her, and forced her to perform oral sex (fellatio ) upon him. This offense took place for approximately two hours and then the defendant instructed the victim to drive him to a second location in Hernando County, Florida, and the victim ended up at the end of Nail Lane. Again the defendant sexually assaulted and battered the victim for another approximate two hours by forcing her to perform oral sex (fellatio) upon him and placing his fingers within her rectum and vagina approximately two or three fingers at a time causing her injury. At the conclusion, the defendant was last seen walking away from the taxi cab. This offense occurred over the period of approximately four hours.... Victim in this case sustained minor injuries and was treated at a local hospital by a local physician ...