614 So.2d 644 (1993)
Robert G. NAJAR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03798.
District Court of Appeal of Florida, Second District.
February 24, 1993.
*645 James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Acting Chief Judge.
Robert Najar appeals from concurrent life sentences imposed after his convictions for two sexual offenses upon a single victim. Najar urges that an erroneous assessment of victim injury points requires us to reverse his sentences. We agree and reverse.
The scoresheet upon which the trial court relied at sentencing indicates that the points assessed for victim injury were multiplied by two, apparently to reflect each sexual battery committed by Najar, but the evidence reveals one criminal episode involving severe physical injuries inflicted upon a single victim. Najar relies on Florida Rule of Criminal Procedure 3.701(d)(7) for the proposition that even though he inflicted two sexual batteries upon the victim in the course of the criminal event, victim injury points should have been assessed but once. We agree. Only a single score for victim injury should be assessed regardless of the number of sexual batteries a defendant commits upon a victim in a single criminal occurrence.[1]Madrey v. State, 594 So.2d 841 (Fla. 5th DCA 1992).
The error affected Najar's sentence. The deletion of the erroneous points reduces his scoresheet total by 85 points, placing him in a recommended range of 27 to 40 years and in a permitted range of 22 years to life. Because life terms were imposed at sentencing, the state urges harmless error. Under the miscalculated scoresheet, however, life was the recommended sanction. We find no conclusive declaration in the record, as indeed we must to deem the error harmless, indicating the trial court would have extended the sentence into the farthest reach of the permitted range had it considered an accurate scoresheet.
Accordingly, the sentences are vacated and the cause remanded for resentencing upon a properly calculated guidelines scoresheet.
PATTERSON and ALTENBERND, JJ., concur.
NOTES
[1] We have not overlooked the amendment to rule 3.701(d)(7), adopted by the supreme court and approved by the legislature effective May 30, 1991, which permits scoring of victim injury for each count or offense at conviction resulting in such injury. See 1991 Fla.Laws, Ch. 270, § 2; Florida Rules of Criminal Procedure Re: Sentencing Guidelines (Rules 3.701 and 3.988), 576 So.2d 1307 (Fla. 1991). However, Najar committed these offenses on April 23, 1991, prior to the effective date of the revision. Because substantive changes in the law are to be prospectively applied, the amendment has no application to the matter before us. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992); Fretwell v. State, 586 So.2d 483 (Fla. 5th DCA 1991) (declining to apply the revision to rule 3.701 retroactively). We take the supreme court's language in State v. Johnson, 616 So.2d 1 (Fla. 1993), that resentencing was to occur "in accordance with the valid laws in effect at the time of Johnson's sentencing" to mean that a valid sentencing law was in effect measured by the moment when the crime was committed.