W. SHARP, Judge.
Glaseo appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he challenges the legality of his sentence. In 1991, Glaseo was tried and convicted for one count for kidnapping[1] and seven counts of sexual battery likely to cause personal injury,[2] all involving one victim. He was sentenced to eight consecutive life sentences. We affirm.
Glaseo argues 320 victim injury points were improperly scored pursuant to Karchesky v. State, 591 So.2d 930 (Fla.1992), a case that was decided after Glasco’s direct appeal in this case. This court affirmed the direct appeal without opinion, but court records indicate Glaseo argued in the direct appeal that victim injury points for all eight counts (320) should not have been scored. See Glasco v. State, 589 So.2d 914 (Fla. 5th DCA 1991). Later, Glaseo raised the scoring issue in a motion filed pursuant to rule 3.850, relying upon Karchesky. The state argued the record supports a finding that the victim suffered actual injury above and beyond “penetration” in this case. This court affirmed without opinion. See Glasco v. State, 642 So.2d 1379 (Fla. 5th DCA 1994). We think the Karchesky issue is foreclosed and settled by the law of the case.
In this proceeding, Glaseo also challenges the proper scoring of injury points on the ground that the trial court should have *525 scored only a total of 40 points rather than 40 points for each count, since the crimes were committed as part of a single criminal episode. See Wilson v. State, 467 So.2d 996 (Fla.1985). Whether the offenses committed by a defendant constitute a single episode or multiple ones raises a factual question which should be raised in a rule 3.850 motion. See, e.g., Stocker v. State, 646 So.2d 238 (Fla. 1st DCA 1994); Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). We could therefore affirm on the ground that Glasco’s collateral relief sought in this 3.800(a) proceeding is improper.
However, the facts in this ease were thoroughly developed at trial, in the state’s response, and in the briefs that are part of this court’s records. It appears the victim in this case was confronted as she was walking down the street at night. Appellant grabbed her, punched her in the nose, hit her, threw her to the ground and choked her. Then he dragged her by her hair to some nearby woods where he choked her again, and raped her numerous times. Medical personnel testified she had numerous cuts and abrasions, her face and nose were swollen, hair from her head had been ripped out, and a tampon had to be medically removed, in addition to obvious trauma to her vagina and anus. In addition, the victim testified she had experienced psychological damage from the experience to the extent that she lost her job. The court remarked at sentencing that this was one of the most aggravated, brutal crimes he had seen in his 20-year career.
In our view, the events could clearly constitute two episodes — one involving the initial attack and kidnapping, and the other involving the multiple rapes. See Dolan v. State, 598 So.2d 291 (Fla. 5th DCA 1992); Smith v. State, 463 So.2d 542 (Fla. 5th DCA 1985). Thus, at least 80 victim injury points were properly scored. Florida Rule of Criminal Procedure 3.701.d.7 provided (at the time of the sentencing) that “victim injury shall be scored for each victim physically injured during a criminal episode or transaction.”
Scoring 80 points for victim injury puts Glaseo in a lower sentencing bracket, but one that does permit a life sentence, at the maximum in the permitted bracket. In view of the physical and psychological trauma suffered by the victim and the statements of the trial judge at sentencing, we think it is clear the trial judge would have extended the sentence to the maximum permissible limit, had it been confronted with the lesser score. Thus, we conclude any scoring error in this ease was harmless. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), rev. denied, 624 So.2d 268 (Fla.1993).
AFFIRMED.
GOSHORN and PETERSON, JJ., concur.

. § 787.01, Fla.Stat. (1987).

. § 794.011(3), Fla.Stat. (1989).