742 So.2d 350 (1999)
Daniel LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3116.
District Court of Appeal of Florida, Fifth District.
August 13, 1999.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Lowe appeals from the sentences he received for four counts of sexual battery,[1] armed burglary of a dwelling with a weapon,[2] and burglary of a dwelling.[3] He pled guilty on all counts and was sentenced to 60 years (720 months) in prison for the sexual battery counts, 30 years on the armed burglary count, and 15 years on the burglary count, to be served concurrently to one another. He argues that his sentencing score was improperly inflated by adding 80 points for each of the sexual batteries for penetration. We affirm.
The record establishes that in 1997, Lowe entered the residence of an Orlando woman and over a four-hour time span, sexually battered her four times. Penetration occurred, but there were no physical injuries. Lowe argues he should have been assessed points for penetration only once during that criminal episode. Had that been done his score would have been 435.4, which would have put him in a permissible *351 sentencing range of 305.5 months, minimum, to 509.2 months, maximum, in state prison. Scoring 80 points for each sexual battery placed him in the permissible sentencing range of 485.5 months, minimum, to 809.2 months, maximum. Since the trial judge gave no written reasons for a departure sentence, his 60-year sentence was legal only if points for penetration for each sexual battery count could properly be scored.
Lowe argues that rule 3.703(d)(9) amended in 1995, permits scoring for each offense committed against a victim, which results in physical injury, but that it limits scoring for penetration to only once per victim per criminal episode. The rule provides:
(9) "Victim injury" is scored for physical injury or death suffered by a person as a direct result of any offense pending before the court for sentencing. Except as otherwise provided by law, the sexual penetration ... points will be scored as follows. Sexual penetration points are scored if an offense pending before the court for sentencing involves sexual penetration.... If the victim of an offense involving sexual penetration ... suffers any physical injury as a direct result of an offense pending before the court for sentencing, that physical injury is to be scored in addition to any points scored for the ... sexual penetration.
Victim injury shall be scored for each victim physically injured and for each offence resulting in physical injury whether there are one or more victims.
An earlier version of the rules provided that victim injury should be scored for each victim physically injured "during a criminal episode." Fla. R.Crim. P. 3.701(d)(7) (amended effective April 21, 1988). Further, sexual penetration or contact was lumped together under physical injury for scoring purposes. These rules were viewed by the courts as permitting only a single score for victim injury to one victim, for each criminal episode or transaction, even if more than one injury was inflicted on one victim during the episode. See Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 627 (Fla.1994); Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992); Najar v. State, 614 So.2d 644 (Fla. 2d DCA 1993); McGowan v. State, 586 So.2d 1311 (Fla. 5th DCA 1991); Fretwell v. State, 586 So.2d 483 (Fla. 5th DCA 1991); Carter v. State, 573 So.2d 426 (Fla. 5th DCA 1991).
In Fretwell, Judge Cowart noted that in 1991, the Guidelines Commission recommended an amendment to rule 3.701 to allow scoring for injury to a victim for each count, and that the Florida Supreme Court had approved the proposed change. It read:
Victim injury should be scored for each victim physically injured during a criminal episode or transaction and for each count resulting in such injury whether there are one or more victims. (emphasis added)
In Fretwell, like this case, the defendant had been scored multiple penetration points for one victim during a criminal episode. Judge Cowart pointed out that indiscriminate use of the words "episode" and "transaction" joined with "count" or "offense" had led the courts to read the rule in the most restrictive way (in favor of a lower score for the defendant), as courts are bound to do when faced with an ambiguous criminal sentence or charge.[4] The pattern evolved that after a restrictive interpretation was given by the courts, the Commission would revisit or amend the rule to "clarify" that the more restrictive view was not its intent. In Fretwell, Judge Cowart indicated he might have read the 1991 version of the rule to allow multiple scoring for penetrations of one victim, but declined to do so in that case because the crime had been committed *352 before the rule was approved by the Legislature.
In 1992, the Legislature amended section 921.001 by enacting subsection (8). Ch. 92-135, Laws of Fla. This subsection requires that points be scored for contact or penetration in sexual battery offenses, regardless of whether there was evidence of physical injury. It made clear its intent that physical injury be scored in addition to contact or penetration points. This amendment was in response to the Florida Supreme Court's decision in Karchesky v. State, 591 So.2d 930 (Fla.1992), which held that victim injury points could not be assessed for penetration alone.
The next change was the adoption of new rules 3.702 and 3.990 in 1993, effective January 1994. Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 628 So.2d 1084 (Fla.1993). Rule 3.702(d)(5) provided for scoring of victim injury for offenses involving contact or penetration. Physical injuries for these offenses were to be scored in addition to contact or penetration points.
In 1995, the Court adopted new rules 3.703 and 3.991, and amended them in 1996. Amendments of Florida Rules of Criminal Procedure re Sentencing Guidelines, 660 So.2d 1374 (Fla.1995); Amendments to Florida Rules of Criminal Procedure re Sentencing Guidelines, 685 So.2d 1213 (Fla.1996). The only change to subsection (9) in the 1996 version was to add:
Except as otherwise provided by law, the sexual penetration and sexual contact points will be scored as follows....
Lowe argues that because the separate paragraph at the end of subsection (d) specifically says "victim injury" shall be scored for each victim physically injured and for each offense resulting in physical injury whether there are one or more victims, but it does not repeat that identical language with regard to sexual penetration, the intent was to permit scoring for sexual penetration only once for each criminal episode. Indeed the rule itself might lend itself to that interpretation were it not for the extensive amendments to the rule listed above.
They make clear the intent to score separately and independently for physical injury and penetration (or contact) in sexual battery offenses. And, they also make clear the intent to score for each offense or count. Significant is the omission in the amended rule to "criminal episode or transaction," which once supported the interpretation now sought by Lowe in this case. As recommended by Judge Cowart in Fretwell, the sole reference in the amended rule is to score for each offense which involves sexual penetration. That clearly allows multiple assessment of points for sexual penetration of one victim, if more than one offense involving penetration is before the court for sentencing.
AFFIRMED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 794.011(3), Fla. Stat. (1997).
[2] § 810.02(2)(b), Fla. Stat. (1997).
[3] § 810.02(3), Fla. Stat. (1997).
[4] See § 775.021, Fla. Stat.; Parole Com'n v. Cooper, 701 So.2d 543 (Fla.1997); Bowden v. State, 642 So.2d 769 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1192 (Fla.1995); Annunziata v. State, 697 So.2d 997 (Fla. 5th DCA 1997).