DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARON LAVON HUSTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2221

[February 21, 2024]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert Meadows, Judge; L.T. Case No. 311988CF001072A.

Jeffrey H. Garland of Jeffrey H. Garland, P.A., Fort Pierce, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Daron Huston appeals the denial of a Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. He alleges that his life sentences for two sexual battery offenses are illegal based upon the improper addition of victim injury points. We agree and reverse and remand for resentencing.

Huston's offenses were committed in 1988. The law in effect at the time permitted addition of victim injury points only once per victim per criminal episode. *See Gordon v. State,* 575 So. 2d 736, 737 (Fla. 4th DCA 1991); *Fretwell v. State,* 586 So. 2d 483, 484 (Fla. 5th DCA 1991); *see also Najar v. State,* 614 So. 2d 644, 645 (Fla. 2d DCA 1993).[1]

Huston received victim injury points for three offenses and argues there were at most only two criminal episodes involving a single victim. Removal

---

[1] As discussed in *Lowe v. State,* 742 So. 2d 350, 352 (Fla. 5th DCA 1999), the sentencing guidelines and rules of criminal procedure were later amended to require penetration points for each offense.

of 40 penetration points for one sexual battery would reduce the top of his permissible guidelines sentencing range from life to 40 years in prison. Fla. R. Crim. P. 3.988.

Contrary to the State's argument, this claim is not procedurally barred because Huston's prior rule 3.800(a) motion and appeal raised a different scoresheet challenge.

Regardless, collateral estoppel would not bar relitigation because the failure to correct the illegal life sentences would be manifestly unjust. *State v. McBride*, 848 So. 2d 287, 292 (Fla. 2003).

The State also argues the motion was properly denied because determination of whether there was one or more criminal episodes would require an evidentiary hearing, citing *Glasco v. State*, 656 So. 2d 523 (Fla. 5th DCA 1995), and similar cases. But *Glasco* is distinguishable, and these cases fail to show that this issue necessarily requires an evidentiary hearing. Sentencing errors that depend upon the number of criminal episodes and result in an illegal sentence may be raised in a rule 3.800(a) motion if the number of episodes can be determined from the face of the record. *See Taylor v. State*, 969 So. 2d 489, 490 (Fla. 5th DCA 2007); *Perreault v. State*, 853 So. 2d 604, 607 (Fla. 5th DCA 2003) ("As appellant in the instant case received a jury trial, it would likely be clear from the evidence presented at trial whether the offenses took place during the same criminal episode.").

Here, the State fails to show that there is any genuine factual dispute about whether the offenses were committed in more than two episodes. The record includes the victim's trial testimony, which shows at most two criminal episodes.

Because the face of the record shows the life sentences are illegal, we reverse and remand for resentencing with a corrected scoresheet. Because appellant may have already served more than the maximum permissible guidelines sentence with gain time, the trial court should hold a prompt resentencing.

*Reversed and remanded.*

GROSS, LEVINE and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

2