401 So.2d 877 (1981)
Glenn TAYLOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-2289.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Bennett H. Brummer, Public Defender and Ronald S. Lieberman, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Theda R. James, Asst. Atty. Gen., and Joseph Corey, Legal Intern, for appellee.
Before HENDRY, SCHWARTZ and DANIEL S. PEARSON, JJ.
PER CURIAM.
No motion for mistrial having been made to the opening argument comment of the prosecutor, which Taylor now contends was objectionable, the suggested error of the comment was not properly preserved for our review. State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Clark v. State, 363 So.2d 331 (Fla. 1978). We have reviewed Taylor's other point on appeal and find it to be without merit.
*878 Although Taylor did not challenge on appeal the fact that he was sentenced, albeit concurrently, for both the crimes of robbery during the course of which defendant carried a firearm (Count One) and possession and display of that firearm during the commission of that robbery (Count Two), we reverse the sentence imposed on Count Two. Davis v. State, 392 So.2d 947 (Fla.3d DCA 1981). See Gonzalez v. State, 392 So.2d 334 (Fla.3d DCA 1981).
Taylor's failure to raise any objection before or after the entry of the judgment adjudicating him guilty of both counts waives any claim of double jeopardy and precludes us from setting aside the conviction on Count Two. Williams v. State, 397 So.2d 438 (Fla.3d DCA 1981). See Davis v. State, supra, at 949 n. 2.
The convictions are affirmed; the sentence imposed on Count Two is vacated.