401 So.2d 878 (1981)
Thomas Jefferson HINES, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1432.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Bennett H. Brummer, Public Defender and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
PER CURIAM.
Defendant, Hines, was charged by information in Count I with possession of a controlled substance and, in Count II, with sale or delivery of a controlled substance. He pleaded not guilty. After jury trial, the defendant was found guilty on both counts. He now appeals and claims, among other things, error in that the trial court violated the single transaction rule by sentencing him on both counts.
We affirm the judgment and sentence for sale and the judgment for possession. However, we vacate the sentence for possession.
The State concedes that the record at trial reflects that Hines' convictions and sentences arise from the possession and sale of the very same item of narcotics. The effect of the concession is that the offense of possession is a category four lesser-included offense of sale. Anderson v. State, 392 So.2d 328 (Fla. 3d DCA 1981).
*879 While agreeing that Hines' conviction for possession should be affirmed, we do so only because Hines waived any claim of double jeopardy by failing to raise, in the trial court, the issue of his convictions for the included and greater offense. Anderson v. State, supra; Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980). See: Keefer v. State, 397 So.2d 1181 (Fla. 3d DCA 1981). That waiver, however, does not affect the sentencing error [Anderson v. State, supra; Williams v. State, 377 So.2d 755 (Fla. 1st DCA 1979)] which, because of the State's concession that Hines was concurrently sentenced for both the greater offense of sale and the included offense of possession, is patent. For the reasons expressed in Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981), we find it improper to burden the trial court with a Rule 3.850 proceeding, the result of which inevitably must be to vacate the sentence imposed for possession.
Therefore, we vacate the sentence on the possession conviction and affirm in all other respects.
Affirmed as amended.