561 So.2d 1296 (1990)
Charles K. SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-01300.
District Court of Appeal of Florida, Second District.
May 25, 1990.
*1297 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Charles Singleton appeals his judgment and sentences entered upon his convictions for sale and possession of cocaine. We affirm the conviction for sale of cocaine, set aside the conviction for possession of cocaine, strike the costs in the judgment, and remand for correction of the sentence.
Singleton challenges his convictions for both sale and possession of cocaine on double jeopardy grounds. The state argues that we are precluded from considering this point, because Singleton failed to raise a double jeopardy argument with the trial court. We disagree with the state's position on this issue. A violation of double jeopardy is fundamental error and will be considered by the appellate court even if the defendant fails to object in the trial court. State v. Johnson, 483 So.2d 420 (Fla. 1986); Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988).
On August 18, 1986, Singleton directly sold two pieces of rock cocaine to undercover officers. There was no evidence that Singleton at any time had more than those two rocks. Using the analysis set forth in Carawan v. State, 515 So.2d 161 (Fla. 1987)[1] and its progeny,[2] it was a violation of double jeopardy for Singleton to be convicted of sale and possession of the same cocaine. See Williams v. State, 547 So.2d 710 (Fla. 2d DCA 1989); Dukes v. State, 528 So.2d 531 (Fla. 2d DCA 1988). Accordingly, Singleton's conviction for possession of cocaine, the lesser crime, should be set aside. See State v. Barton, 523 So.2d 152 (Fla. 1988).[3]
Next, we strike the costs imposed by the trial court because they were imposed without prior notice and hearing. *1298 See Wood v. State, 544 So.2d 1004 (Fla. 1989); Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947 (Fla. 1974).
Last, the parties agree that the sentence does not conform with the trial judge's oral pronouncement regarding the credit for time served and that the oral pronouncement is correct. On remand, the trial court should correct the written sentence as to credit for time served. See Cobb v. State, 554 So.2d 666 (Fla. 2d DCA 1990).[4]
We affirm the conviction for sale of cocaine; we set aside the conviction for possession of cocaine. We strike the assessment of costs without prejudice to the state to seek reassessment of costs after proper notice and hearing. We remand this case to the trial court to correct the sentence as to time served. The defendant need not be present.
SCHOONOVER, A.C.J., and LEHAN, J., concur.
PARKER, J., concurs specially with opinion.
PARKER, Judge, Specially Concurring.
I concur with the majority because of Carawan and Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla. 1989). However, I continue to question this court's ability to decide issues of double jeopardy under subsection 775.021(4), Florida Statutes (1985),[5] by looking to the proof offered at a defendant's trial. See Crisel v. State, 561 So.2d 453 (Fla. 2d DCA 1990) (Parker, J., specially concurring).
NOTES
[1] The Carawan analysis has been superseded by section 775.021(4), Florida Statute (Supp. 1988) for offenses committed after June 30, 1988. State v. Smith, 547 So.2d 613, 615-17 (Fla. 1989). Singleton committed these crimes on August 18, 1986; therefore, the analysis set forth in Carawan is the appropriate analysis for this case.
[2] See, e.g., Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), approved sub nom. State v. Smith, 547 So.2d 613 (Fla. 1989).
[3] The removal from consideration of the possession offense when recalculating the guidelines' scoresheet does not alter the recommended guidelines sentence; therefore, it is unnecessary for the trial judge to resentence the defendant.
[4] Although Singleton raised an additional point on appeal, we have considered it and have determined that it is without merit.
[5] That subsection provides:

775.021 Rules of construction. 
... .
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
§ 775.021, Fla. Stat. (1985) (emphasis added).