573 So.2d 998 (1991)
James Arthur WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 90-377.
District Court of Appeal of Florida, First District.
January 29, 1991.
*999 Cheryl L. Gentry, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences for vehicular homicide, leaving the scene of an accident involving death or personal injury, and driving with a license which was suspended or revoked. Appellant was sentenced as an habitual violent felony offender to 30 years imprisonment for the vehicular homicide, followed by concurrent five and one year terms of probation for leaving the scene and driving with a suspended or revoked license. Appellant asserts error 1) in the imposition of sentences for both leaving the scene of an accident and a vehicular homicide offense enhanced by leaving the scene of an accident, and 2) in denial of his motion for judgment of acquittal as to the vehicular homicide charge. We affirm all three convictions and the sentences for vehicular homicide and driving without a license. However, pursuant to section 775.021(4), Florida Statutes (1988), we vacate the sentence for leaving the scene of an accident.
Appellant's motion for judgment of acquittal and motion for new trial presented a general assertion that the state's proof was "insufficient" and "failed to establish a prima facie case...." While not further explicating the legal argument which is now presented on appeal, the motions below did challenge the sufficiency of the evidence and could thus be deemed adequate to preserve the issue.
The state presented evidence that appellant had consumed a quart and one half of a six pack of malt liquor, and that he was traveling very fast. One passenger approximated appellant's speed as 20 m.p.h. over the posted limit, and another had cautioned appellant to slow down. It was clearly established that the collision occurred in the oncoming lane, and that appellant had entered this lane to pass a stopped vehicle even though the victim was standing in the oncoming lane. There was no indication that appellant slowed down during this maneuver prior to striking the victim. These circumstances are more egregious than those involved in W.E.B. v. *1000 State, 553 So.2d 323 (Fla. 1989), and are more like McCreary v. State, 371 So.2d 1024 (Fla. 1979), where the supreme court upheld a vehicular homicide conviction upon evidence that the defendant had consumed several glasses of beer (even though there was no evidence that he was intoxicated) and ran a stop sign, driving into an intersection at or near the speed limit without slowing down. As in McCreary, the evidence in this case is sufficient to present a jury question as to whether appellant's operation of the vehicle was so reckless as to support a vehicular homicide conviction. The motion for a judgment of acquittal was therefore properly denied.
Appellant did not interpose any double jeopardy contention below until arguing at sentencing that leaving the scene of an accident should not be scored as an additional offense under the guidelines because "it's the same elements... ." A double jeopardy claim may be waived and the failure to raise such an issue in the trial court, with regard to multiple convictions, precludes consideration of the issue on appeal. See Hines v. State, 401 So.2d 878 (Fla. 3d DCA 1981). It is generally required that the issue on appeal be encompassed within the specific legal argument presented below, see Tillman v. State, 471 So.2d 32 (Fla. 1985), and appellant does not now contest his multiple convictions. Rather, he challenges the multiple sentences under section 782.071(2) and section 316.027(1). Although this issue is encompassed by the guidelines argument below only upon a broad construction of that argument, Hines indicates that the patent error of improper multiple sentencing may be addressed on appeal even though not directly raised below. While the appellate court in Hines acknowledged that the matter could be pursued by a Rule 3.850 motion, it declined to "burden" the trial court with such a proceeding as "the result ... inevitably must be to vacate the sentence... ."
In 1988 the legislature responded to the supreme court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), by amending section 775.021(4), Florida Statutes, to disavow the principle of lenity and express the legislative intent to convict and sentence for each criminal offense predicated upon each act or acts committed within any criminal transaction. However, at subsection (b) the statute provides an exception for:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
In State v. Smith, 547 So.2d 613 (Fla. 1989), the supreme court cautioned that the statute should be applied "without judicial gloss," by resort to "the statutory element test" for the offenses involved. This is in accordance with the approach approved in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and is concerned only with the statutory elements and not with the evidence presented at trial or the facts alleged in the information. See Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990).
The statutory offenses charged in the present case are:
316.027 Accidents involving death or personal injuries 
(1) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of the accident, or as close thereto as possible, and shall forthwith return to, and in every event shall remain at the scene... .
.....
782.071 Vehicular Homicide. 
(1) `Vehicular homicide' is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another... .
(2) Any person who commits vehicular homicide and willfully fails to stop or comply with the requirements of s. 316.027(1) *1001 is guilty of a felony of the second degree....[1]
The state argues that multiple sentences are permissible because the two statutes contain distinct elements, as section 782.071(2) requires a predicate vehicular homicide, whereas section 316.027 does not. But this does not end the necessary inquiry in this case, for while the offenses thus do not qualify for the section 775.021(4)(b)1 "identical elements" exception from multiple sentencing, they may still qualify for the (b)3 exception for offenses "which are lesser offenses the statutory elements of which are subsumed by the greater offense." As in Donovan, supra, where the court found that the offense of theft was subsumed within the offense of organized fraud, even though organized fraud contained additional elements, in the present case section 316.027(1) (a third degree felony) may be subsumed within section 782.071(2) (a second degree felony), even though the greater offense may also involve additional elements; the necessary analysis is whether section 782.071(2) encompasses all of the elements of section 316.027(1).
The statutory elements of section 316.027(1) require that the defendant shall have been the driver of a vehicle involved in an accident resulting in injury or death, and shall have failed to stop, remain at the scene, etc. Section 782.071(2) elevates the offense of vehicular homicide when the defendant fails to stop or comply with section 316.027(1). Section 782.071(2) thus necessarily and explicitly subsumes section 316.027(1). And "vehicular homicide" is defined at section 782.071(1) as occurring when the defendant operates a motor vehicle in a reckless manner which is likely to and does cause death or great bodily harm to another. Driving a motor vehicle which is involved in an accident resulting in injury or death, as specified in section 316.027(1), would also be encompassed by the operation of a motor vehicle in a reckless manner which results in the death of another, as specified in section 782.071(1).
Since appellant's statutory offense under section 316.027(1) is necessarily subsumed within the statutory offense under section 782.071(2), appellant should not have been sentenced for the lesser offense.
The sentence under section 316.027(1), Florida Statutes, is therefore vacated, the judgments and sentences otherwise affirmed, and the cause remanded.
BOOTH and MINER, JJ., concur.
NOTES
[1] Cf., Sullivan v. State, 562 So.2d 813 (Fla. 1st DCA 1990), where violation of section 782.071(2) was not separately charged.