578 So.2d 826 (1991)
STATE of Florida, Appellant,
v.
Mona Vanderbilt SMITH, Appellee.
No. 89-1219.
District Court of Appeal of Florida, Fifth District.
April 25, 1991.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellee.

OPINION ON MOTION FOR REHEARING
HARRIS, Judge.
This matter was originally dismissed for lack of jurisdiction because it was an appeal from an order granting a motion rather than from an order specifically dismissing a count of the information. See Rule 9.140(c)(1)(A), Rules of Appellate Procedure. However, on the authority of State v. Saufley, 574 So.2d 1207 (Fla. 5th DCA 1991), we grant rehearing and withdraw our original opinion, determine that we have jurisdiction and proceed on the merits.
On October 23, 1988,[1] Mona Smith passed worthless checks to Sears in exchange for merchandise having a value in excess of *827 $300. She was charged with both grand theft and obtaining property in return for worthless checks. The trial court dismissed the grand theft count because it "could not be proved without establishing the same facts as would be necessary in proving the elements of the remaining counts of the information." We agree and affirm.
The state contends that since each offense contains different elements the dismissal was improper. It is true that the worthless check counts require proof that a check was involved in the offense. But this same element can satisfy the more general element in theft: "obtains ... the property of another with the intent to ... appropriate the property to his own use or to the use of any person not entitled thereto." The theft element is not different in the sense that it distinguishes theft from obtaining property in return for a worthless check; it is merely more inclusive. Obtaining property in return for a worthless check will always constitute theft because the more general theft element subsumes the more specific worthless check element. We agree that double jeopardy prevents double prosecution for this same offense.
AFFIRMED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] Section 775.021, Florida Statutes (1988) and not Carawan v. State, 515 So.2d 161 (Fla. 1987) controls.