599 So.2d 1365 (1992)
Richard Duane PERRIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-336.
District Court of Appeal of Florida, First District.
May 18, 1992.
Nancy A. Daniels, Public Defender, and Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Amelia L. Beisner, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
In this appeal from his convictions and sentences, Perrin argues that because his grand theft charge was founded in part upon the taking of property or services obtained by passing worthless checks, he could be convicted and sentenced for either grand theft or the worthless check offenses, but not both. He also raises various constitutional challenges to the habitual felony offender statute, under which he was sentenced. We affirm the convictions and sentences, but remand to the trial court to correct scrivener's errors in the judgment.
Perrin was convicted and sentenced for grand theft [sections 812.014(1) and (2)(c)(1), Florida Statutes (1989)], a third degree felony, for his failure to pay for two nights of lodging and other charges incurred at a Pensacola hotel. Upon arrival at the hotel, Perrin wrote one worthless check to cover his first night of lodging and the next morning he wrote a second worthless check to cover another night of lodging. He was also convicted and sentenced on two first degree misdemeanor counts of obtaining property or services in return for the two worthless checks made payable to the hotel, in violation of sections 832.05(4)(a) and (c), Florida Statutes (1989). He now contends that he cannot be convicted and sentenced on the grand theft charge and the worthless check charges. The state insists that Perrin failed to raise this issue before the trial court and therefore, he waived it.
Because Perrin did not raise this argument before the trial court, it has been waived as to the multiple convictions, but *1366 the legality of the multiple sentences can be raised for the first time on appeal. See Wright v. State, 573 So.2d 998 (Fla. 1st DCA 1991). Determining whether Perrin could properly be sentenced on both the grand theft and the worthless check charges requires us to apply section 775.021(4), Florida Statutes (1989), which provides:
(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Because Perrin's grand theft charge and worthless check charges were part of one criminal transaction or episode, we must determine whether one of the three exceptions set forth in 775.021(4)(b) is applicable. Because the crime of grand theft and the crime of obtaining property by passing a worthless check do not have identical elements, and because the two crimes are not degrees of the same offense, the first two exceptions of 775.021(4)(b) are inapplicable here. Our analysis next focuses upon 775.021(4)(b)(3) and the issue becomes whether the statutory elements of the "lesser offenses," the misdemeanor worthless check charges, are subsumed by the "greater offense," the felony grand theft.
In State v. Smith, 547 So.2d 613, 616 n. 6 (Fla. 1989), the supreme court suggested that 775.021(4)(b)(3) prohibits multiple punishment for "necessarily included" offenses. In State v. McCloud, 577 So.2d 939 (Fla. 1991), the defendant had been charged with possession and sale of the same quantum of cocaine. On appeal, he argued that the trial court had properly dismissed the possession charge under 775.021(4)(b)(3) because it was a lesser included offense of the sale. The supreme court disagreed, observing: "An offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense." 577 So.2d at 941. Thus, despite the fact that McCloud had possessed and sold the same cocaine, he could lawfully be punished for both offenses. The court further observed that it is inappropriate to examine the evidence to determine whether an offense is a lesser-included offense in any given case because 775.021(4)(a) cautions that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." 577 So.2d at 941. See also Davis v. State, 581 So.2d 893 (Fla. 1991) (convictions for possession and delivery of the same drug are permissible), approving, Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990) (the test is not whether possession is an element under the facts of the case before us, but whether it is a necessary element under the statute).
The approach used in the foregoing supreme court opinions has been followed by this court. In Kase v. State, 581 So.2d 612 (Fla. 1st DCA 1991), we held that Kase could lawfully be convicted and sentenced for aggravated assault with a deadly weapon and improper exhibition of the same weapon though the two offenses arose out of the same act, because the statutory elements of the greater offense, aggravated assault, did not necessarily include all the statutory elements of the lesser offense, improper exhibition of a weapon. In Cave *1367 v. State, 578 So.2d 766 (Fla. 1st DCA 1991), Cave argued that he could not be convicted and sentenced for robbery with a deadly weapon and aggravated battery because the aggravated battery was a category two, lesser-included offense of robbery. We rejected this argument, observing that the statutory elements of armed robbery do not subsume the statutory elements of aggravated battery: "Since a robbery may, but does not necessarily include an aggravated battery, the statutory offense of `robbery' does not `subsume' the crime of aggravated battery." 578 So.2d at 767.
The holdings in McCloud, Davis, Kase, and Cave require an affirmance of Perrin's sentences for grand theft and obtaining property by passing worthless checks. A comparison of the statutory elements of the two crimes reveals that there are several elements of the lesser offenses, the worthless check offenses, which are not among the elements of the greater offense, the grand theft. Therefore, obtaining property by passing a worthless check is not a "necessarily included" lesser offense of grand theft. This is so even though, under the facts of this case, obtaining property by passing a worthless check may have been a category two, lesser-included offense of grand theft. Accordingly, we hold that section 775.021(4)(b)(3) does not prohibit punishment for Perrin's grand theft and worthless check offenses.
We have not overlooked Perrin's reliance upon State v. Smith, 578 So.2d 826 (Fla. 5th DCA 1991), a case which we find to be similar but distinguishable. Smith passed worthless checks to Sears in exchange for merchandise and like Perrin, she was charged with one count of grand theft and multiple counts of obtaining property in return for worthless checks. The trial court dismissed the grand theft count and the district court affirmed, holding that the statutory elements of grand theft are subsumed by the statutory elements of obtaining property in return for worthless checks.
At the outset of its analysis under 775.021(4)(b)(3), the Smith court had to determine which of the two crimes Smith was charged with was the "lesser" offense and which was the "greater" offense. Because the court focused upon whether the statutory elements of the grand theft offense were subsumed by the elements of the worthless check offense, and ultimately affirmed the dismissal of the grand theft charge, it is apparent that in Smith, the grand theft was the "lesser offense" within the meaning of 775.021(4)(b)(3). The basis for the court's implicit finding that Smith's grand theft was the lesser offense while her worthless check offenses were the greater offense is not clear from the facts set out in the opinion. It may be that Smith wrote multiple worthless checks for $150 or more, making her check offenses third degree felonies, and the court reasoned that multiple third degree felonies charged under one statute are "greater" than one such felony charged under another statute.
The charging document in the case before us permits no such conclusion. Grand theft is charged as a third degree felony and the worthless check offenses are charged as first degree misdemeanors. Accordingly, the grand theft charge is the "greater offense." Because, as already explained, the statutory elements of obtaining property or services in exchange for a worthless check are not subsumed by the statutory elements of grand theft, Perrin's sentences were lawfully imposed.
Perrin's various constitutional challenges to the habitual felony offender statute afford him no relief because they have previously been rejected by this court. See Barber v. State, 564 So.2d 1169, 1170-71 (Fla. 1st DCA), rev. denied, 576 So.2d 284 (Fla. 1990).
Finally, we note that two scrivener's errors appear in the judgment. Counts three and four, charging the worthless check offenses under section 832.05, are identified as second degree misdemeanors rather than first degree misdemeanors, and the "offense statute number(s)" for those counts is identified as section 832.05(2)(b) rather than section 832.05(4)(c). We remand to the trial court for correction of these scrivener's errors. Otherwise, the *1368 judgment and sentences appealed are affirmed.
ZEHMER and BARFIELD, JJ., concur.