624 So.2d 744 (1993)
Jeffrey M. KIO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2744.
District Court of Appeal of Florida, First District.
September 3, 1993.
*745 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Jeffrey M. Kio (appellant) appeals a conviction and the sentences imposed pursuant to his no contest plea to charges enumerated in a seven-count information, i.e., armed burglary of a dwelling with intent to commit sexual battery, armed kidnapping, three counts of armed sexual battery, attempted first degree murder, and use of a firearm in the commission of a felony. Counts I, II, and VI of the information expressly charged use, display, or possession of a firearm in the commission of the offenses of armed burglary of a dwelling, armed kidnapping, and attempted first degree murder. Counts III, IV, and V charged armed sexual battery with use or threat to use a deadly weapon. Count VII charged use of a firearm in the commission of a felony. The issues raised on appeal concern numerous alleged instances of scoresheet error, which, among other things, allegedly resulted in an improper conviction, and a sentence in excess of the appropriate recommended sentencing range. In addition, appellant alleged the trial court erred in failing to grant credit for the time appellant served prior to sentencing. We affirm the conviction, but reverse the sentencing disposition, and remand for resentencing based *746 upon a corrected scoresheet and for a determination of jail time credit.
Appellant's estranged wife was the victim of the crimes charged. The record reflects that appellant broke into the victim's house, and remained there until she returned from work. When the victim arrived, appellant confronted her with a gun. While threatening to use the weapon, he committed three separate acts of sexual battery upon her. Appellant then struck multiple blows to the victim's head with the gun, with such force that portions of her skull were crushed and her scalp was torn away, all the while stating that he was going to kill her and then himself. As appellant doused the area with lighter fluid, the victim managed to crawl outside. There, neighbors intervened to prevent appellant from dragging the victim back inside the house.
Appellant's plea of nolo contendere was entered with no agreement with the state concerning a recommended sentence. He was adjudicated guilty on all counts, and sentenced to serve six concurrent life sentences on the first six counts, including a three-year mandatory minimum sentence for the use of a firearm in the commission of the sexual batteries, and a concurrent fifteen-year sentence for the offense of use of a firearm in commission of the felony of sexual battery. The sentences imposed were in accordance with the recommended guidelines range for the total points reflected on the scoresheet used at sentencing.
The guidelines scoresheet relied upon by the trial court at sentencing was calculated thusly:

 Primary offense:
 3 counts of armed sexual battery, life felonies  340 points
 Additional offense:
 armed kidnapping, life felony 44 points
 armed burglary, first degree felony punishable 40 points
 by life 
 attempted first degree murder, first degree 36 points
 felony 
 use of a firearm in commission of a felony, 26 points
 second degree felony  __________
 Total 146 points
 Victim Injury:
 penetration or slight injury (40 X 3) 120 points
 death or serious injury 85 points
 __________
 Total 205 points
 __________
 TOTAL 691 points

It appears the scoresheet was correct with respect to the primary offenses, but it contained errors with respect to the scoring of attempted first degree murder with a firearm, use of a firearm in the commission of a felony, and victim injury points. Addressing these matters seriatim, under the provisions of sections 777.04(4)(a) and 782.04(1)(a), Florida Statutes, attempted first degree murder is a first degree felony, which is reclassified to a life felony by operation of section 775.087(1)(a), Florida Statutes, if a firearm is used in commission of the attempted murder. The statute is phrased in mandatory terms. See Haywood v. State, 466 So.2d 424, 425 (Fla. 4th DCA 1985), approved, 482 So.2d 1377 (Fla. 1986). Indeed, cases construing this statute in the context of convictions for attempted first-degree murder have not treated the reclassification as a matter of prosecutorial discretion. See, e.g., State v. Whitehead, 472 So.2d 730 (Fla. 1985); Strickland v. State, 437 So.2d 150 (Fla. 1983); Tripp v. State, 610 So.2d 1311 (Fla. 1st DCA *747 1992); Lentz v. State, 567 So.2d 997 (Fla. 1st DCA 1990); Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988); Parker v. State, 593 So.2d 1186 (Fla. 2d DCA 1992); Williams v. State, 407 So.2d 223 (Fla. 2d DCA 1981). It appears the only time the reclassification does not apply is when the verdict form contains no jury finding that a firearm was used, or when the information did not expressly charge use of a firearm in connection with the convicted offense. On the other hand, a jury verdict of "guilty as charged in the information" has been deemed a sufficient factual determination to trigger the reclassification to a life felony for use of a firearm, when the information charges such. See Lentz, 567 So.2d at 998. For purposes of the enhanced penalty, it is not necessary that the firearm be used to shoot the victim. Rather, any use of the gun in furtherance of the murderous attempt will suffice. See Riggins v. State, 557 So.2d 185 (Fla. 3d DCA 1990).
In the instant case, appellant struck numerous blows to the victim's head with a loaded firearm, with the expressed intent to kill her. During the course of the beating, the gun discharged and a bullet lodged in the wall. We conclude that even though the gun was not used to shoot the victim, the record evidence in this case established that the gun was a "deadly weapon" for purposes of enhancement under section 775.087(1)(a). Therefore, the attempted first degree murder conviction should have been scored as a life felony under the "Additional offense" category of the scoresheet, rather than as a first degree felony.
As to the conviction for use of a firearm in the commission of a felony, appellant argues the scoresheet was incorrect because it reflects convictions for armed sexual battery which were enhanced to a life felony by virtue of the use of a deadly weapon, and a separate conviction for use of a firearm in commission of the felony of sexual battery. Appellant's no contest plea waived his right to challenge the conviction on double jeopardy grounds. See Perrin v. State, 599 So.2d 1365 (Fla. 1st DCA 1992); Wright v. State, 573 So.2d 998 (Fla. 1st DCA 1991). However, when a primary convicted offense is enhanced because a firearm or deadly weapon was used in committing the crime, the act of using the weapon or firearm in the commission of the same crime cannot support a separate sentence for use of a firearm in the commission of a felony. Cleveland v. State, 587 So.2d 1145, 1146 (Fla. 1991). Here, the penalties for appellant's primary convicted offenses were enhanced by the use of a deadly weapon in the commission of the offenses. Therefore, it was improper to sentence appellant for the separate offense of use of a firearm in commission of the enhanced felony. Cleveland, 587 So.2d at 1146. Because use of a firearm in the commission of a felony was erroneously scored, upon remand, appellant should not be sentenced for this count and the scoresheet should be corrected by deleting the "Additional offense" points scored for this offense.
With respect to points scored for victim injury, the sentencing guidelines in effect when appellant committed the subject crimes provided that "[v]ictim injury shall be scored for each victim physically injured during a criminal episode or transaction." Fla. R.Crim.P. 3.701(d)7. This provision was construed as evincing legislative intent to limit scoring of victim injury to once per victim, regardless of the number of counts or types of injuries inflicted. For example, in Williams v. State, 565 So.2d 838 (Fla. 1st DCA 1990), review denied, 576 So.2d 295 (Fla. 1991), the appellant had been convicted of burglary of a dwelling, sexual battery involving serious physical force, petit theft, and aggravated battery. All of the offenses were committed in the course of one criminal episode, and involved one victim. Williams was assessed forty points for penetration or slight injury, and an additional eighty-five points for death or serious injury. The court held that "double scoring under victim injury was error," and reversed and remanded for resentencing based upon a corrected scoresheet. 565 So.2d at 840. Accord Madrey v. State, 594 So.2d 841 (Fla. 5th DCA 1992).
In this case, under the "Victim injury" category, appellant was assessed a total of 120 points (forty points each for the three sexual battery convictions) for "penetration or slight injury," and eighty-five points for *748 "death or serious injury." Under the version of rule 3.701(d)7 in effect when appellant committed the offenses for which he stands convicted, points could be assessed only once for each victim injured. In short, the rule did not permit of multiple scoring for the number of injuries inflicted upon a particular victim. Therefore, upon remand, the victim injury points assessed in this case must be corrected to conform with the rule in effect when the crimes were committed.[1]
The remaining issue raised in this appeal is the trial court's failure to grant credit against appellant's sentence for any jail time he served prior to sentencing. Section 921.161(1), Florida Statutes (1989), provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
In light of the mandatory requirement of section 921.161(1), the error of failure to give appropriate credit for jail time served may be raised on direct appeal, even in the absence of an objection in the lower tribunal. Dailey v. State, 471 So.2d 1349, 1350 (Fla. 1st DCA 1985), approved on other grounds, 488 So.2d 532 (Fla. 1986); Van Ellis v. State, 455 So.2d 1065, 1066 (Fla. 1st DCA), review dismissed, 459 So.2d 1041 (Fla. 1984). Accord Burton v. State, 473 So.2d 817, 818 (Fla. 2d DCA 1985); Yohn v. State, 461 So.2d 263, 264 (Fla. 2d DCA 1984).[2]
The presentence investigation report prepared in this case indicates that as of August 1, 1991, appellant had spent 202 days in custody in the county jail. In addition, the arrest affidavit contains the notation, "NO BOND." Although appellant's counsel did not bring the matter of jail credit to the trial court's attention at sentencing, compliance with section 921.161 cannot be avoided. See Van Ellis, 455 So.2d at 1066; Burton, 473 So.2d at 818.
Accordingly, we affirm the conviction but reverse and remand for resentencing based upon a corrected guidelines scoresheet, and for a determination of any jail time credit to which appellant may be entitled, together with an award of such credit if due. As a final note, because it appears inaccuracies in the guidelines scoresheet may have resulted in an unintended departure sentence, upon remand for resentencing, the trial court is free to consider whether a departure sentence would be appropriate in this case. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989); Roberts v. State, 547 So.2d 129, 131 (Fla. 1989); Swain v. State, 553 So.2d 1331, 1334 (Fla. 1st DCA 1989).
ZEHMER, J., concurs.
BOOTH, J., concurs in part and dissents in part.
BOOTH, Judge, concurring in part and dissenting in part.
The scoring of attempted first-degree murder as a first-degree felony, rather than as a life felony, was not error. Attempted first-degree murder is a first-degree felony under sections 777.04(4)(a) and 782.04(1)(a), Florida *749 Statutes. The crime may, if the State chooses, be reclassified as a life felony under section 775.087(1)(a), Florida Statutes, for use of a firearm. See Foster v. State, 596 So.2d 1099, 1101-1102 n. 2 (Fla. 5th DCA 1992) (if in the course of a simple robbery without a weapon, the robber commits an aggravated battery, the robber has committed a second offense for which a second punishment is due, assuming that the State chooses not to enhance the robbery offense under § 775.087, Fla. Stat.). See also State v. Vikhlyantsev, 602 So.2d 636, 637 (Fla. 2d DCA 1992), citing Fayerweather v. State, 332 So.2d 21 (Fla. 1976), in which the court stated:
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. Traditionally, the legislature has left to the prosecutor's discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
See Toledo v. State, 580 So.2d 335, 336 (Fla. 3d DCA 1991) (prosecutors have great discretion to charge a defendant with any crime the evidence shows the defendant to have committed, or any lesser crime). None of the cases cited in the majority opinion stands for the proposition that a defendant who is factually guilty of having used a firearm in the commission of a felony cannot enter a plea to the unenhanced felony.[3]
The idea that a defendant has the right to enter a plea to what is in effect a lesser-included offense (unenhanced attempted first-degree murder), then demand for the first time on appeal enhancement of the offense, for the purpose of obtaining reversal of a conviction for a separate offense (use of a firearm during the commission of a felony) and for the purpose of obtaining on resentencing more favorable treatment under the guidelines, is one that I have never seen expressed in any Florida opinion.
Second, appellant's separate conviction for use of a firearm during the commission of a felony was not error. I agree with the majority that appellant could not, under Cleveland v. State, 587 So.2d 1145 (Fla. 1991), be convicted of armed sexual battery and use of a firearm during commission of the same sexual battery. Cleveland does not speak to circumstances in which charges resulting from some acts (here, the sexual batteries with the use of a firearm) are enhanced, while charges resulting from another act in which the defendant also used a firearm (here, the attempted first-degree murder) are not enhanced. The rule under Cleveland is simply that in the absence of an enhancement of charges resulting from a specific act for the use of a firearm, a separate conviction for use of a firearm is proper.
Therefore, appellant's scoresheet, correctly calculated, should be:

 Primary offense:
 3 counts of armed sexual battery, life felonies  340
 Additional offense:
 armed kidnapping, life felony  44 points
 armed burglary, first-degree felony punishable
 by life  40 points
 attempted first-degree murder, first-degree
 felony  36 points
 use of a firearm in commission of a felony,
 second-degree felony  26 points
 _________
 Total 146
 Victim injury:
 death or serious injury  85
 ___
 Total 571

*750 The scoresheet, correctly calculated, places appellant in the recommended range of 27 to 40 years, and in the permitted range of 22 years to life imprisonment. I would remand for sentencing within the guideline ranges indicated above, which differs significantly from those indicated by the majority.
Thus, the sentence imposed by the trial court was within the permitted range. However, I agree to remand because the trial court erroneously believed it was sentencing appellant within the recommended range, because of error in multiple assessment of points for victim injury, and for failure to allow credit for the 202 days he spent in custody prior to sentencing.
NOTES
[1] In 1991, rule 3.701(d)7 was amended to provide:

Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims.
This amended rule did not go into effect until May 30, 1991. See Ch. 91-270, § 4, Laws of Fla. The scoresheet used at sentencing must be calculated in accordance with the guidelines in existence when the subject offenses were committed. Fennell v. State, 544 So.2d 1017 (Fla. 1989). Because the offenses at issue here were committed January 11, 1991, nearly five months before the effective date of the amended rule, victim injury points in this case must be assessed in accordance with the rule which proscribed "double scoring" where only one victim is involved.
[2] A contra view was taken by the fifth district in Jensen v. State, 449 So.2d 969, 970 (Fla. 5th DCA 1984). There, the court expressly did not reach the issue of alleged failure of the trial court to give proper credit for jail time, because the matter was not brought to the trial judge's attention at sentencing, and the state did not concede error. The court noted that appellant could file a 3.850 motion in the lower court for correction of the error.
[3] It is of no consequence that the information charged use of a firearm as to one of the several battery charges instead of as to the attempted first-degree murder charge. Pleading to an offense requiring the existence of unpled elements implicitly amends the information to include them. Hope v. State, 588 So.2d 255 (Fla. 5th DCA 1991).