SHIVERS, Senior Judge.
This case comes before this court pursuant to a brief filed in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon an independent examination of the record, we determine that the trial court did not award appellant credit for time served in jail prior to his sentencing. Section 921.161, Florida Statutes (1991), provides:
(1) A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
The requirements of section 921.161(1) are mandatory, and a sentence that does not allow for proper credit for time served is an illegal sentence. Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). See also Kio v. State, 624 So.2d 744, 748 (Fla. 1st DCA 1993), rev. denied, 634 So.2d 627 (Fla.1994). Even in the absence of an objection in the trial court, the error of failure to award appropriate credit for jail time served may be raised on direct appeal. Kio, 624 So.2d at 748. In the instant case, although appellant apparently spent some amount of time in jail prior to sentencing, the court did not determine the amount of time served and failed to award that time as credit when he sentenced appellant.
Accordingly, this case is hereby remanded to the trial court with directions to determine the amount of time that appellant served in jail prior to sentencing and to award appellant the appropriate jail time credit on his sentence.
MINER and ALLEN, JJ., concur.