680 So.2d 1079 (1996)
Corey MINGO, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-1348.
District Court of Appeal of Florida, Third District.
October 9, 1996.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and SHEVIN, JJ.
NESBITT, Judge.
Defendant, Corey Mingo, appeals his convictions for attempted second-degree murder, burglary with an assault or battery, two counts of robbery, and two counts of aggravated battery upon a person 65 years of age or older. We affirm.
As his first point on appeal Mingo contends there was insufficient evidence to sustain his conviction for attempted second-degree murder. We conclude that this issue was not properly preserved for appellate review. The state originally charged Mingo with attempted first-degree murder in count one of the information. At the close of the state's case-in-chief, as to count one, defense counsel moved for a judgment of acquittal or reduction of the charge to aggravated battery. The trial judge reserved ruling on the motion. Defense counsel renewed the motion at the close of all the evidence and the trial judge again reserved ruling.
At sentencing, the judge revisited the issue. The following exchange took place between the court and defense counsel:

*1080 THE COURT: I'VE NOTED IN MY NOTES THAT I DEFERRED RULING ON THE JUDGMENT OF ACQUITTAL MOTION ON COUNT 1.
[DEFENSE COUNSEL]: YES, YOUR HONOR.
THE COURT: AND THAT BECAME MOOT WHEN THEAS FAR AS MY THINKING WAS CONCERNED WHEN [THE JURY] CAME BACK WITH ATTEMPTED SECOND DEGREE, SO I AM DENYING THAT, JUST TO CLARIFY THE RECORD.
[DEFENSE COUNSEL]: YES, YOUR HONOR, THAT'S WHY I DIDN'T PUSH IT.

THE COURT: I UNDERSTAND, I JUST WANTED TO CLARIFY IT FOR THE RECORD.
[DEFENSE COUNSEL]: YES. THAT WAS THE BASIS FOR MY MOTION, THAT THERE WAS NO SPECIFIC INTENT AND THAT'S WHAT THE JURY FOUND.

(emphasis added). "In order to preserve an issue for appellate review, the specific legal argument or ground upon which it is based must be presented to the trial court." Bertolotti v. Dugger, 514 So.2d 1095, 1096 (Fla. 1987); Tillman v. State, 471 So.2d 32, 34-35 (Fla.1985). Clearly, at no point did the defendant make the argument he now makes on appeal as to the sufficiency of the evidence to support a conviction for attempted second-degree murder. Even assuming, however, the issue were preserved we conclude "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
As his second point on appeal, Mingo argues that his convictions for attempted second-degree murder and burglary with an assault or battery are based on the same act and are therefore violative of his rights against double jeopardy. "Because the defendant did not raise this objection at any time in the trial court, we conclude that the defendant has waived the point as to his adjudication of guilt, but not as to his sentence...." Laines v. State, 662 So.2d 1248, 1249 (Fla. 3d DCA 1995), rev. denied, 670 So.2d 940 (Fla.1996). Each of the offenses in question requires proof of an element that the other does not, thus there is no double jeopardy bar to separately sentencing the defendant for each offense. § 775.021(4), Fla. Stat. (1993); State v. Smith, 547 So.2d 613 (Fla.1989); See Laines, 662 So.2d at 1249.
Finally, we address Mingo's last claim of error. The state charged Mingo with, alternatively, attempted first-degree premeditated murder and attempted first-degree felony murder. As previously noted, the jury found Mingo guilty of attempted second-degree murder as a lesser included offense of that charge. In his brief Mingo's counsel argued, citing to relevant cases from this court, that the "nonexistent" crime of attempted first-degree felony murder could not have any lesser included offenses. Thus, he reasoned that Mingo's conviction for attempted second-degree murder had to be vacated as the record reflected the jury may have found Mingo guilty of this crime as a lesser included offense of attempted first-degree felony murder.
After Mingo filed his initial brief and before oral argument in this case, the supreme court issued its opinion in State v. Wilson, 680 So.2d 411 (Fla. 1996) (corrected opinion). There the court noted:
[A]ttempted felony murder was a valid offense, with enumerated elements and identifiable lesser offenses, for approximately eleven years.... Because it was a valid offense before [State v. Gray, 654 So.2d 552 (Fla.1995)], and because it had ascertainable lesser offenses, retrial on any lesser offense which was instructed on at trial is appropriate.

Id. (second emphasis added). Mingo's counsel correctly conceded at oral argument that Wilson disposed of his argument. Clearly, if retrial on any lesser included offenses of attempted felony murder instructed on at trial is appropriate, then where, as here, a defendant is convicted of one of those offenses *1081 in the first instance, the conviction is sustainable.
The defendant's remaining points on appeal are similarly without merit and we decline to address them. Accordingly, we affirm Mingo's convictions and sentences. This affirmance is without prejudice to Mingo to raise his claims of ineffective assistance of trial counsel in a post-conviction motion under rule 3.850 of the Florida Rules of Criminal Procedure. See Gregory v. State, 588 So.2d 676 (Fla. 3d DCA 1991).
Affirmed.