702 So.2d 510 (1996)
Watson GRENE, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2063.
District Court of Appeal of Florida, Third District.
May 15, 1996.
Opinion Modified on Grant of Rehearing September 3, 1997.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant, Attorney General, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
Opinion Modified on Grant of Rehearing En Banc September 3, 1997.
PER CURIAM.
Appellant, Watson Grene, appeals his conviction and sentence for possession of a controlled substance and possession of a controlled substance with the intent to sell within 1000' of a school. Both counts were premised upon possession of the same quantity of controlled substance at the same time and place.
The State concedes that while appellant waived his double jeopardy rights with respect to his convictions, appellant did not waive his double jeopardy rights with respect to his sentences. See Laines v. State, 662 So.2d 1248 (Fla. 3d DCA 1995), rev. denied, 670 So.2d 940 (Fla.1996); Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994). We agree that the trial court erred in sentencing appellant for the lesser-included charge of simple possession, and hence, vacate the sentence for possession of a controlled substance. See Laines, 662 So.2d at 1249; Perrin v. State, 599 So.2d 1365 (Fla. 1st DCA 1992); Lundy v. State, 596 So.2d 1167 (Fla. 4th DCA 1992).
Further, appellant argues that the trial court erred in sentencing him as a habitual offender for possession with intent to sell within 1000' of a school. Section 775.084(1)(a)(3), Florida Statutes (1995), allows enhanced sentencing as a habitual offender so long as "the felony for which the defendant is to be sentenced ... is not a violation of § 893.13 relating to the purchase or possession of a controlled substance." § 775.084(1)(a)(3) (emphasis added).
Here, since possession with intent to sell is a violation of § 893.13 which relates to the possession of a controlled substance, habitual offender sentencing was improper. See § 775.084(1)(a)(3); Williams v. State, 667 So.2d 914 (Fla. 3d DCA 1996); Houser v. *511 State, 666 So.2d 158 (Fla. 5th DCA 1995); Palmer v. State, 664 So.2d 1162 (Fla. 5th DCA 1995); Jackson v. State, 651 So.2d 242 (Fla. 5th DCA 1995); Perez v. State, 647 So.2d 1007 (Fla. 3d DCA 1994); cf. Tucker v. State, 608 So.2d 122 (Fla. 2d DCA 1992), aff'd on other grounds, 620 So.2d 1241 (Fla.1993).
Accordingly, appellant's sentence for possession of a controlled substance is vacated and his enhanced sentence for possession with intent to sell is remanded for resentencing. See § 775.084(1)(a)(3); Williams, 667 So.2d at 914; Houser, 666 So.2d at 158. In all other respects, the case is affirmed.
Affirmed in part; vacated in part; remanded for resentencing.
Before SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and SORONDO, JJ.

On Rehearing En Banc
COPE, Judge.
We grant rehearing en banc in order to recede, in part, from Laines v. State, 662 So.2d 1248 (Fla.3d DCA 1995), review denied, 670 So.2d 940 (Fla.1996).
Defendant-appellant Grene asserts on appeal that he has been impermissibly convicted of both a greater offense and a lesser included offense: the greater offense of possession of a controlled substance with intent to sell within 1000 feet of a school, and the lesser included offense of possession of a controlled substance. The panel agreed that defendant's point was well taken.
However, defendant did not raise this dual conviction issue in the trial court, but instead advanced the issue for the first time on appeal. The panel was therefore bound to follow this court's earlier decision in Laines v. State, which held, "Because the defendant did not raise this objection at any time in the trial court, we conclude that the defendant has waived the point as to his adjudication of guilt, but not as to his sentence...." 662 So.2d at 1249 (footnote omitted).[1]
We now recede from the just quoted language in Laines. We conclude that Laines is inconsistent with the Florida Supreme Court's decision in Novaton v. State, 634 So.2d 607 (Fla.1994). The Novaton court held that a defendant who enters into a plea bargain and agrees to the convictions and sentences waives "any double jeopardy claim that may affect either his convictions or his sentences...." Id. at 609 (citations omitted). If defendant enters into a general plea of guilty or no contest to the criminal charges, but leaves sentencing up to the court, then there is no waiver of the double jeopardy violation. Id.[2]
The logic of Novaton leads us to the conclusion that the defendant in this case did not waive his double jeopardy claim by failing to make an objection in the trial court. If under Novaton a defendant does not waive the double jeopardy claim when the defendant voluntarily enters into a plea of guilty or no contest, then a fortiori the defendant in the present case (who was convicted after jury trial and did not enter into a plea) did not waive his double jeopardy claim by failing to object in the trial court. We think the ruling in Novaton compels us to recede from the waiver analysis in Laines.
We treat the entry of the dual convictions as fundamental error and allow the defendant to raise the double jeopardy issue on appeal, even though there was no objection in the trial court. In so holding we align ourselves with the Second District decisions in Singleton v. State, 561 So.2d 1296, 1297 *512 (Fla.2d DCA 1990); Diaz v. State, 527 So.2d 300, 302 n. 4 (Fla.2d DCA 1988), and Park v. State, 528 So.2d 524, 525 (Fla.2d DCA 1988).
It also appears to us that the rule we now adopt is more logical than our previous rule. The United States Supreme Court has explained, "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The Court has explained that for these purposes, "punishment" includes the conviction as well as the sentence:
For purposes of applying the Blockburger[3] test in this setting as a means of ascertaining congressional intent, "punishment" must be the equivalent of a criminal conviction and not simply the imposition of sentence. Congress could not have intended to allow two convictions for the same conduct, even if sentenced under only one; Congress does not create criminal offenses having no sentencing component.
Ball v. United States, 470 U.S. 856, 861, 105 S.Ct. 1668, 1671-72, 84 L.Ed.2d 740 (1985) (citations omitted; emphasis added).
The same logic applies here. The Legislature does not intend for a defendant to be convicted of both a greater offense and a lesser included offense. See § 775.021(4)(b), Fla.Stat. (1993). If defendant is entitled to any relief at all, it is that both the conviction and sentence be vacated.
In conclusion, we recede from that part of Laines v. State which holds that a defendant waives his double jeopardy objection to dual convictions by failing to raise the point in the trial court.[4] We do not disturb the remainder of the Laines opinion.
We modify the panel ruling by reversing the conviction, as well as the sentence, for possession of a controlled substance. The cause is remanded for resentencing in accordance with the panel opinion, as modified by this opinion.
We certify direct conflict with Graham v. State, 631 So.2d 388 (Fla.1st DCA 1994); Perrin v. State, 599 So.2d 1365, 1365-66 (Fla.1st DCA 1992); and Wright v. State, 573 So.2d 998, 1000 (Fla.1st DCA 1991).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith; direct conflict certified.
NOTES
[1] In so holding, the Laines decision cited Graham v. State, 631 So.2d 388 (Fla.1st DCA 1994); Perrin v. State, 599 So.2d 1365 (Fla.1st DCA 1992); and Wright v. State, 573 So.2d 998 (Fla.1st DCA 1991).

Other cases from this district following the same rule are found in footnote 4.
[2] According to the Novaton court, this analysis applies "when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation." Id.

The Novaton decision relied on United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), which stated in part, "`We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim thatjudged on its facethe charge is one which the State may not constitutionally prosecute.'" Id. at 575, 109 S.Ct. at 765 (citation omitted).
[3] Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).
[4] We recede also from Mingo v. State, 680 So.2d 1079, 1080 (Fla.3d DCA 1996); Marion v. State, 674 So.2d 878, 879 (Fla.3d DCA 1996); Hines v. State, 401 So.2d 878 (Fla.3d DCA 1981); Taylor v. State, 401 So.2d 877, 878 (Fla.3d DCA 1981); Keefer v. State, 397 So.2d 1181 (Fla.3d DCA 1981); Williams v. State, 397 So.2d 438 (Fla.3d DCA 1981); and Thompson v. State, 368 So.3d 670 (Fla.3d DCA 1979), to the extent that such cases set forth a similar holding.