699 So.2d 314 (1997)
Timothy AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-597.
District Court of Appeal of Florida, First District.
September 18, 1997.
*315 Nancy A. Daniels, Public Defender; Fred Parker Bingham, II, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; Laura M. Fullerton, Assistant Attorney General, Tallahassee, for appellee.

CRIMINAL DIVISION EN BANC
PER CURIAM.
In the instant appeal, Timothy Austin (appellant) argues that several of his convictions and sentences imposed following trial by jury violate the prohibition against double jeopardy and that two of his habitual violent felony offender sentences must be vacated. We reverse as to one of the double jeopardy claims as explained below, but we affirm all other claims without further discussion.
In Count II of the information appellant was charged with aggravated assault. The jury found him guilty of the lesser offense of assault, and he was sentenced to sixty days in jail for that offense. The jury also found appellant guilty as charged in Count VI of the information of burglary with assault of the same victim during the same incident. For this offense appellant was sentenced to ten years as a habitual violent felony offender with five and three-year minimum mandatories. As the state properly concedes, these dual convictions and sentences violate the prohibition against double jeopardy. See Febles v. State, 654 So.2d 615 (Fla. 3d DCA 1995). Citing precedent from this court, e.g., Perrin v. State, 599 So.2d 1365 (Fla. 1st DCA 1992), and Wright v. State, 573 So.2d 998 (Fla. 1st DCA 1991), however, the state argues that appellant is entitled only to reversal of his sentence for simple assault and that his assault conviction may not be vacated because appellant did not preserve the double jeopardy issue as to his multiple convictions. Appellant, on the other hand, contends that a double jeopardy violation constitutes fundamental error and that both the convictions and sentences may be attacked for the first time on appeal. For the reasons explained below, we recede from the line of cases on which the state relies, including Perrin; Wright; Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994); Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), review denied, 634 So.2d 627 (Fla.1994); and Salgat v. State, 630 So.2d 1143 (Fla. 1st DCA 1993), review denied, 652 So.2d 815 (Fla. 1995), to the extent that they hold that pursuant to a double jeopardy claim only the legality of the sentences, not the convictions, may be raised for the first time on appeal. Accordingly, we reverse appellant's conviction and sentence for assault as to Count II of the information.
In State v. Johnson, 483 So.2d 420, 421 (Fla.1986), the supreme court answered two certified questions: (1) whether a criminal conviction based on placing a defendant twice in jeopardy for the same offense constitutes fundamental error and (2) whether a defendant waives his right to assert double jeopardy if "he fails to raise it before the trial court at the time he is again placed in jeopardy." Id. Relying on Benton v. Maryland, 395 U.S. 784, 794-96, 89 S.Ct. 2056, 2062-64, 23 L.Ed.2d 707 (1969), which held "that the right not to be twice placed in jeopardy is `fundamental,'" the supreme court concluded that a double jeopardy claim may be raised in a post-conviction relief proceeding. Because of its determination that a double jeopardy violation is fundamental error, the court approved the vacating of both the defendant's convictions and sentences. In Johnson the court cautioned "that there may be limited instances in which a defendant may be found to have knowingly waived his double jeopardy rights," 483 So.2d at 423, and subsequently addressed the necessity of a knowing waiver in Novaton v. State, 634 So.2d 607, 609 (Fla.1994).
Despite Johnson's announcement that a violation of the prohibition against double jeopardy is fundamental error, this court announced in Wright v. State, 573 So.2d 998 *316 (Fla. 1st DCA 1991), that "[a] double jeopardy claim may be waived and the failure to raise such an issue in the trial court, with regard to multiple convictions, precludes consideration of the issue on appeal." Citing Wright, this court then in Perrin v. State, 599 So.2d 1365, 1365-66 (Fla. 1st DCA 1992), preceded its analysis of the defendant's double jeopardy claim with the statement that "[b]ecause Perrin did not raise this [double jeopardy] argument before the trial court, it has been waived as to the multiple convictions, but the legality of the multiple sentences can be raised for the first time on appeal." In subsequent cases, this court has applied this double jeopardy waiver rule. See Graham v. State, 631 So.2d 388 (Fla. 1st DCA 1994); Kio v. State, 624 So.2d 744 (Fla. 1st DCA 1993), review denied, 634 So.2d 627 (Fla.1994); Salgat v. State, 630 So.2d 1143 (Fla. 1st DCA 1993), review denied, 652 So.2d 815 (Fla.1995). None of these cases addressed the clear, controlling holding of Johnson.
The only previous acknowledgement in this court of Johnson's holding that a double jeopardy violation constitutes fundamental error that permits review of such a claim on appeal as to both convictions and sentences appears in the concurring opinion in Brown v. State, 670 So.2d 965, 966 (Fla. 1st DCA 1995), disapproved on other grounds State v. Craft, 685 So.2d 1292 (Fla.1996). In Brown the majority vacated two convictions on the ground of double jeopardy without reference to cases such as Wright and Perrin. In a concurring opinion, Judge Benton wrote that the double jeopardy question presented was cognizable not only as to appellant's sentences, but also as to his convictions because under Novaton "[b]y itself silence does not demonstrate a free and knowing waiver of a double jeopardy claim either as to conviction or as to sentence." We agree and recede from the line of cases from this court cited above to the extent this court failed to apply the fundamental error rule announced in Johnson to both a defendant's convictions and sentences. Accordingly, in the instant case we vacate appellant's conviction and sentence for assault as to Count II of the information.
On remand a scrivener's error also needs to be addressed. The record reflects that appellant was charged with and convicted of burglary while armed with a firearm on Counts IX and X of the information, not burglary with assault. The judgment, therefore, requires this correction.
MINER, ALLEN, WEBSTER, MICKLE, LAWRENCE and PADOVANO, JJ., concur.