PER CURIAM.
Fermin Torres has filed a timely petition in this court alleging ineffective assistance of appellate counsel. See Fla. R.App. P. 9.141(c). The State has properly conceded that the petition has merit. We therefore remand for a new sentencing hearing.
Defendant-petitioner Torres was convicted of second degree murder with a *1255 firearm, and unlawful possession of a firearm while committing a felony. The offense date was April 17, 1998. The defendant was sentenced to life in prison on second degree murder, and sentence was suspended on the firearm charge.
The defendant argues that under the applicable sentencing guidelines score-sheet, life imprisonment was above the guidelines for the defendant’s crime, absent a departure. In the defendant’s case, the life sentence was pronounced but no departure reasons were stated.
Based on the defendant’s crime date, the 1997 version of the sentencing guidelines is applicable. Under those guidelines, “If the total sentence points are equal to or greater than 363, the court may sentence the offender to life imprisonment.” Id. § 921.0014(2). Under the scoresheet, the defendant’s score was 361.4 points. Thus, the guidelines range for the defendant did not include the life sentence.
We surmise that by the time the defendant was tried in 2001, the 1998 criminal punishment code had gone into effect. See §§ 921.002-.00265, Fla. Stat. (Supp. 1998). Under that version of the guidelines, the guidelines score provides a sentencing floor, but the court can impose any sentence up to the legal maximum. In this case the court sentenced the defendant to the legal maximum. Apparently the parties and the court assumed that the 1998 version of the guidelines was applicable to the defendant’s case, but it was not. Since this error should have been detected and addressed by the defendant’s appellate counsel, see generally Fla. R.Crím. P. 3.800(b), we conclude that the defendant’s claim is well taken and he is entitled to relief.
We therefore reverse the defendant’s sentencing order and remand for resen-tencing. Since the trial court was not aware that it was imposing a departure sentence in the defendant’s case, the trial court may consider a departure sentence if there are grounds to do so. See State v. Betancourt, 552 So.2d 1107 (Fla.1989).
We reject the defendant’s claim of scoring error on the sentencing guidelines scoresheet. The defendant maintains that his conviction for second degree murder was enhanced from a first degree felony punishable by life imprisonment, see § 782.04(2), Fla. Stat. (1997), to a life felony on account of the use of a firearm. See id. § 775.087(l)(a). On that premise, he argues that his separate conviction for possession of a firearm while committing a felony must be vacated. See Cleveland v. State, 587 So.2d 1145 (Fla.1991); Grene v. State, 702 So.2d 510, 511 (Fla. 3d DCA 1997) (en banc).
The defendant’s premise, however, is incorrect. Both on the judgment and in the trial court’s oral pronouncement, the offense of second degree murder was classified as a first degree felony punishable by life imprisonment, and was not enhanced to a life felony. Thus a separate conviction for possession of a firearm while committing a felony was permissible.
Petition granted; remanded for a new sentencing hearing.